CHESTER W. CHAPIN *vs.* SAMUEL HARRIS.

A grant of land adjoining a railroad, with the water power of a brook upon the land, running along by the side of the railroad, and the right of making a dam across the brook, and abutting upon the embankment of the railroad, " provided said dam shall be so built as to answer for a street to the railroad, and said street is to be opened three rods wide " across the granted premises to the railroad, and the grantee " is to make the road," is not a grant upon a condition subsequent.

WRIT OF ENTRY to recover certain real estate, with a water power, in Springfield.

At the trial in the superior court, before *Brigham,* J., it appeared that in 1838 the demandant and others, being the owners of the Emery Farm in Springfield, conveyed to the Western Railroad Company a strip five rods wide across it, from east to west, for their railroad, with the privilege of constructing a new channel for Garden Brook, so as to turn the same south of the

railroad; and reserving to the grantors and their heirs and assigns the right to erect and forever maintain a dam across the brook, and abut the same against the embankment, of such height as to raise the water within four feet of the top thereof. A street, to be three rods wide and called Spring Street, was then or shortly afterwards contemplated, running northerly and southerly across the farm, brook and railroad; and such street was referred to in a deed from said owners, in September 1839. In August 1843 the demandant conveyed to Charles Stearns, by deed of warranty, " the following tract of land, situated in said Springfield, being part of the Emery Farm (so called). Beginning on the south side of the railroad line, where Spring Street is to cross it, and running westerly on said railroad, one hundred and sixty-four feet; thence southerly parallel to Spring Street to the south line of said Emery Farm; thence easterly on said south line one hundred and sixty-four feet to Spring Street; thence northerly on Spring Street to the first bound. Also the water power in Garden Brook, with the right of making a dam adjoining the railroad, as was reserved in the deed to the railroad corporation, and with a right to flow as far up the stream as said Emery Farm extends," " provided said dam shall be so built as to answer for a street to the railroad, and said Spring Street is to be opened three rods wide across said farm to the south line of said railroad, and the said Stearns is to make the road." Other parts of this deed are stated in the opinion.

The tenant claimed title under this deed; and it appeared that the dam had never been constructed so as to answer for the continuation of Spring Street, which was opened for use, though the formal location thereof, in 1860, was subject to the same objections which defeated a new location of another street in Springfield, as shown in 4 Allen, 488. The demandant had duly entered upon the premises, before bringing this action.

Upon these facts, and others which are now immaterial, the judge ruled that the action could not be maintained; and a verdict was accordingly returned for the tenant, and the case reported for the determination of this court

*J. D. Colt*, for the demandant.

*J. Wells*, for the tenant.

GRAY, J.   The deed from Chapin to Stearns, under which the tenant claims title, grants, 1st, a tract of land bounded by the railroad on the north and by Spring Street on the east; 2d, "also the water power in Garden Brook," (which ran south of the railroad, and entered from the east the land first granted,) "with the right of making a dam adjoining the railroad," "and with a right to flow" a certain distance up the stream, "and the privilege of deepening the brook below" for a certain distance; 3d, "also a tract of land east of Spring Street, bounded northerly on the pond created by said dam." The words on which the demandant relies as annexing a condition to all the premises granted are inserted immediately after the grant of the right of making a dam, of flowing back the stream above, and of deepening it below, and are as follows: "Provided said dam shall be so built as to answer for a street to the railroad."

It is true, as the demandant contends, that "provided" is an apt word to create a condition. Yet it is equally well settled that it does not necessarily import a condition; and it is often used by way of limitation or qualification only, especially when it does not introduce a new clause, but only serves to qualify or restrain the generality of a former clause. *Cromwel's Case*, 2 Co. 72 *a*. Co. Litt. 146 *b*, 203 *b*, and Butler's note. A good illustration of this is thus reported in Leonard: "A. made a lease to B. for life, and further grants unto him that it shall be lawful for him to take fuel upon the premises; proviso, that he do not cut any great trees. It was holden by the court, that if the lessee cutteth any great trees, that he shall be punished in waste; but in such case the lessor shall not reënter, because that proviso is not a condition, but only a declaration and exposition of the extent of the grant of the lessor in that behalf." 3 Leon. 16.

So in this case, no obligation is imposed on the grantee to make a dam, or set back the water, or deepen the channel. He is simply granted the right of making a dam, and flowing up

the brook, and deepening it below, provided the dam is built in a certain manner. The manifest intent is to qualify the generality of the grant, and to limit the kind of dam which the grantee may build, just as in the case in Leonard to limit the kind of wood which the grantee might cut; and not to create a condition.

But if these words could be treated as creating a condition, it is quite as clear that they would not apply to the land granted, but only to the mode of using the easement granted with the land. If a condition had been thus annexed to that easement, and had been broken, it would not avail the demandant; for an easement appurtenant to land of another, and which cannot be enjoyed except in connection with it, cannot be taken from him by writ of entry, while he has not forfeited and still owns the land. *Judgment for the tenant.*