# Elyton Land Company v. South & North Alabama Railroad Company.

### Action of Ejectment for Right of Way.

1. *Condition precedent or subsequent.*—The creation of a condition precedent or subsequent in a deed does not depend upon the use of precise or technical words, but is a matter of construction dependent on the nature of the contract, the circumstances attending its execution and the intention of the party creating the estate.

2. *Conditions subsequent not favored in law.*—Conditions subsequent are not favored in the law and are construed strictly, and when there remains a doubt if the clause in a deed be a covenant, limitation or condition courts will incline against the last, preferring the former.

3. *Same.*—Conditions subsequent in a deed will not be sustained when repugnant to the estate granted, or where they infringe upon the essential enjoyment and independent rights of property, and tend manifestly to public inconvenience.

4. *Same; case at bar.*—Where a land company conveys to a railroad a right of way through a growing city, "provided, however, that any other railroad running into or through the city of B. shall have the right to run a parallel track along upon the same right of way," but reserves no right of re-entry on breach of the proviso this will be construed as a covenant or limitation, rather than a condition subsequent, for the breach of which ejectment would lie.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.
This was an action of ejectment brought by the Elyton

[Elyton Land Co. v. South & North Ala. R. R. Co.]

Land Company against the South & North Alabama Railroad Company for a right of way over a strip of land 100 feet in width, in the city of Birmingham. The averments of the complaint are sufficiently stated in the opinion. The defendant demurred to the complaint on the following grounds:

"1st. The facts alleged in said complaint show that defendant has a title to the alleged rights of way by deed executed by plaintiff prior to the commencement of this action and the right to possession thereof."

"2. There are no facts alleged in said complaint which show that the alleged conveyance of plaintiff to defendant of the alleged rights of way sued for in this action was upon any condition subsequent or precedent."

"3. The facts alleged in said complaint fail to show with sufficient certainty that the alleged conveyance by plaintiff of the alleged rights of way to defendants was upon condition either precedent or subsequent."

"4. The facts alleged in said complaint show that the plaintiff prior to the commencement of this action conveyed by deed, properly executed, to defendant the alleged rights of way sued for in this action and there are no averments of any facts which show any reconveyance by defendant of said right of way to the plaintiff or any re-investment of the title to said right of way had in and to the plaintiff."

The court sustained the several grounds of demurrer, and plaintiff declining to amend his complaint, the court rendered judgment for the defendant; and the plaintiff now brings this appeal, and assigns as error the rulings of the court upon the demurrer.

ALEX. T. LONDON for the appellant.—An estate on condition, expressed in the grant, is defined by Blackstone, to be "where an estate is granted, either in *fee simple or otherwise*, with an express qualification annexed, whereby the estate granted shall either commence, be enlarged or be defeated upon performance or breach of such qualification or condition. These conditions are either, therefore, *precedent* or *subsequent*.—2 Blackst. Com. 154; 2 Coke Litt. 201, a. Note A.; Shep. Touch. 117, 118. The words which create a condition are stated by Lord Coke to be four:—(1) *Sub conditione*; (2) *Proviso*; (3) *Ita quod*; and (4) *Quod si contingat*, etc. The only distinction between these words is that in case of the last, there must be a clause for re-entry; as to the others he says, "it is not necessary by the law to put such clause, *scilicet* "*that the feoffor and his heirs may enter, etc.*," because

they may do this by force of the words aforesaid, for they contain in themselves a condition *scilicet,* "*that the feoffor and his heirs may enter, etc.*"—Co. Litt. 203 a. 203 b. Sheppard, laying down the rule by which to determine when an estate is upon condition, says to use his own quaint language : "Know therefore, that for the most, part conditions have conditional words in their frontispiece and do begin therewith ; and that amongst these words there are three words that are ,most proper which in and of their own nature and efficacy, without any addition of other words of re-entry in the conclusion of the condition, do make the estate conditional, as *proviso, ita quod,* and *sub conditione.*"— Shep. Touch. 121; Dev. on Deeds, Sec. 970. It does not depend on the circumstances whether the clause is placed prior or posterior in a deed, so that it operates as a proviso or covenant.—*Notham v. East India Co.* 1 T. R. 638, 645. "If the word "proviso" be the speaking of the grantor, feoffor, donor, etc., and obliges the grantee, etc. to do any act, it makes a condition in whatever part of the deed it stands, and though there be covenants before or not, is not material."—3 Com. Dig. 84, Condition; *Hooper v. Cumming,* 45 Me. 359; *Rawson v. Inhabitants,* 7 Allen 125. Even where the right of entry is reserved for the breach of a covenant in a deed, it gives to the covenant the character of a condition and converts the estate ·into an estate upon condition. —*Moore v. Pitts,* 53 N. Y. 285. In this last case there was a lease for life, of a house, containing a covenant that the lessee should use the same as a dwelling, with the right of re-entry, and his estate was held to be conditional. "It is a general rule that such conditions annexed to estates as go in defeasance and tend to the destruction of the estate being odious to the law, are taken strictly and shall not be extended beyond their words, unless it be in some special cases."—Shep. Touch. 133. This may be regarded as the cardinal rule of construction of ·conditions which go to defeat the estate. No intendment will be made to declare an estate conditional. Unless the words used are sufficient to create a condition, none exists. "Provided, however," are words which of themselves import a condition.—*Doe v. Watts* 8 B. & C. 30. See also *Austin v. Cambridgeport,* 21 Pick. 215; *Union Canal Co. v. Young,* 30 Am. Dec. 212; *Rush v. Rock Island,* 97 U. S. 693; Tiedeman on Real Property, Sec. 863; *Gray v. Blanchard,* 1 Leading Cas, on Am. Real Prop. 123.

As shown by the authorities cited, where the words used import a condition, the right of re-entry need not be reserved, except in the one case stated of the words *Quod si contingat.*

[Elyton Land Co. v. South & North Ala. R. R. Co.]

This has been expressly decided in *Jackson v. Allen*, 3 Cowan, 220. In *Hooper v. Cumming*, 45 Me. 359, *supra*, the words "Provided they fence the land and keep it in repair," in a conveyance of land, were held to create a condition subsequent, for the breach of which the grantor might enter. In *Parsons v. Miller*, 15 Wend. 561, the words "He, the aforesaid Benjamin Leake, his heirs and assigns, forever hereafter allowing all people to pass and repass" were held to create a condition subsequent. In *Taylor v. Cedar Rapids R. R.*, 25 Iowa, 371, the grant of a right of way to a railroad containing a proviso that a railroad depot should be permanently erected at a certain place, was held to be a condition subsequent, a breach of which defeated the grant. In *Blanchard v. Detroit R. R.*, 31 Mich. 43, (s. c. 18 Am. Rep. 142), a conveyance of land to a railroad for a valuable consideration upon express conditions that it should erect and maintain a depot on the land, was held to be a condition subsequent for which a forfeiture could be claimed in case of breach. So where a right of way is granted on condition, the grantor, upon a breach, may maintain ejectment.—*Railroad v. Hood*, 66 Ind. 580 ; *Reed v. Hatch*, 55 N. H. 327 ; *Allen v. Howe*, 105 Mass. 241. In the *Earl of Pembroke v. Berkley*, Cro. Eliz. 384, a grant of a walk through a forest and woods, containing the following words, "Provided, and the said grantee doth covenant not to fell or cut any wood except for necessary browze," were held to create a condition. In *Hammond v. P. R. & A. Ry. Co.*, 15 S. C. 10, where a right of way was granted upon "the express condition" that a certain system of drainage was to be provided, it was held to create a condition subsequent for a breach of which the grantor might claim a forfeiture. The conveyance of property for a particular purpose, there being no words which of themselves import a condition, does not make the estate conditional.—*Supervisors v. Patterson*, 50 Ill. 111; *Packard v. Ames*, 16 Me. 327; *Chapin v. Harris*, 8 Allen, 594; *Ayer v. Emory*, 14 Allen, 67. But where the conveyance is for a particular purpose, with a proviso if used for other purposes, the grantee is to pay a certain sum, this creates a condition subsequent.—*Board v. Trustees*, 63 Ill. 204. But the use or the purpose, or the manner of use of land may be limited by conditions, and these conditions have been upheld with considerable liberality by the courts, as is shown in the following : That the premises granted shall not be used as a tavern.—*Post v. Weil*, 15 N. Y. 418; That liquor shall not be manufactured or disposed of on premises.—*O'Brien v. Wetherell*, 14 Kan. 616; *Colwell v. Colorado Springs*, 100 U. S. 55;

*Collins Mfg. Co. v. Marcy*, 25 Conn. 242; *Plumb v. Tubbs*, 41 N. Y. 442. That the land shall not be conveyed for any purpose but that of a school house.—*McKissick v. Pickle*, 16 Pa. St. 140. . That no building of greater than a specified height shall be erected on premises.— *Clark v. Martin*, 49 Pa. St. 289. That only a building of a certain kind shall be erected and shall not be occupied for an offensive business. *Dow v. Harrahan*, 101 Mass. 531; *Parker v. Nightingale*, 6 Alleu, 341; *Gillis v. Bailey*, 21 N. H. 149. That no bay window be built in a house.—*Linzie v Mixer*, 101 Mass. 512. The deed we are construing in this case was made without any valuable consideration. In each of the cases which I have cited, where the words were held sufficient to create a condition, it has also been held that for a failure on the part of the grantee to perform what he is required to do, the grantor might claim a forfeiture and maintain ejectment. While it may be conceded that the word "provided" does not always create a condition, prima facie it does, and we are not left to reach the construction contended for by implication, and if the words following this "that any other railroads, etc. . . . . . shall have the right to run a parallel track along and upon the same right of way" amount to a qualification of the estate conveyed, then it must be construed a condition. The entire width is conveyed, and the easement is qualified by the right of other railroads to run a parallel track thereon. Suppose the words had been "provided that the S. & N. Railroad Company should permit the other railroads to run a parallel track, etc.," could there be any question but that a condition was created? What is the distinction? Where the condition in a deed was that "only one single dwelling house shall be erected" on the land conveyed, it is broken by the erection of a building for several families under one roof.—*Gillis v. Bailey*, 21 N. H. 149.

HEWITT, WALKER & PORTER, for the appellee.—There is but one question presented by the record, and that is the proper construction of the clause in the deed which is set out in the complaint. The appellant claims that it is a condition subsequent, conferring on it the right to forfeit the estate on breach thereof, while appellee contends that it is a covenant or limitation, or in the nature of an equitable easement, for a breach of which, the remedy, if any, would be an action for damages at law, or a bill for a specific performance thereof in equity. The covenant is the same that was under discussion in the case of the *South & North Ala-*

*bama Railroad Company v. Highland Avenue and Belt Railroad Company,* now pending in this court on appeal from the Jefferson county Chancery Court. The deed itself, or a copy thereof, is not attached to the complaint in this cause, so that the construction of the clause can not be determined from its position in the deed or from the context. The only data given in the complaint are that it occurred in a right of way deed for the right of way described in the complaint from appellant to appellee. Under such circumstances, will this court construe the clause a condition subsequent, and declare a forfeiture to the estate? Conditions are not favored, and are strictly construed, and unless the intent of the parties is unmistakable, a construction which operates against the condition, and in favor of the covenant or limitation, will be adopted. The word "provided" while an apt word to express a condition may also be used to express a limitation or covenant. In Kent, page 137, and note, it is said: "The words usually employed in creating a condition are 'upon condition,' and this, says Lord Coke, is the most appropriate expression; or the words may be 'so that, provided, if it shall happen,' etc. The words 'provided always' may, under the circumstances, be taken as a condition or as a limitation, and sometimes as a covenant. The apt words of limitation are 'while, so long, as, during,' etc." Citing Littleton, Sec. 325–330; Co. Litt., 203, A B; Mary Portington case, Io. Co., 41 B, 42 A; Lord Cromwell's case, 2 Co.; 69 Bacon's Abridgment tit. Conditions H. It is clear that the word "provided," in and of itself is not conclusive that the clause is a condition and not a covenant; especially where there is no clause of re-entry and forfeiture with it. Its interpretation must, therefore, depend upon the intention of the parties to be gathered from the transaction, and from the language of the proviso itself, and in ascertaining such intention, the rule is that the presumption to be indulged is that the clause was not intended as a condition, and the intent to make it so must be clear and unmistakable. The proviso must be construed as a covenant for the following reasons: 1. When the clause is merely incidental to the main purpose of the grant, it will not be construed as a condition upon which a remedy by forfeiture exists. Here the main purpose of the grant was to induce the construction of a railroad into the city of Birmingham, and it incidentally reserved the right in behalf of other railroads to occupy the right of way with parallel tracks.—Lewis on Eminent Domain, Sec. 292. 2. If the proviso is construed as a condition subsequent, then it

would be repugnant because inconsistent with the grant of the right of way. The grant is made to defendant and under the grant it has exclusive use of the right of way so conveyed. If the proviso is construed as a condition by which a forfeiture of the estate results from the breach of it, then it is repugnant to the grant, and void. If, however, it is construed as a covenant or a limitation upon the grant, that is a grant of the right-of-way to be used by the defendant jointly with all other railroads entering the city of Birmingham, then there is no repugnancy, and the clause can stand. Kent, vol. 4, p. 135. If the proviso be construed as a condition, then its effect is to forfeit the estate, because of the enjoyment of it, and in the very mode provided for in the grant. If the proviso is construed as qualifying the estate granted, then it is to be considered as part of the grant, and not a separate clause repugnant to it.—Leading cases in American Law of Real Estate, Vol 1, p. 124 ; Lord Cromwell case, 2 Coke, 72a ; 3 Leonard, 16 ; *Chappin v. Harris*, 90 Mass., 594. 3. The proviso imposes no duty on appellee to do any act for failure of which a forfeiture could be enforced. The proviso simply declares the right of the railroads to build parallel tracks along the right of way granted. It does not impose on appellee the duty of selecting the site or of surrendering the possession of any part of the right of way by any action on its part. It is simply a declaration of the right of other railroads in a proper case when properly authorized to use the right of way for a parallel track. No positive duty is imposed on appellee and no affirmative action required of it ; nor is there any negative duty provided. No clause of re-entry for any failure on the part of appellee is contained in the deed. No penalty of any kind is contained in the proviso, for either misfeasance or non-feasance, on appellee's part. No manner of enforcement is provided for therein.—*Noyes v. St. Louis A. & T. H. R. R. Co.*, 21 N. E. Rep. 489. 4. It is clear that the purpose of the insertion of the proviso forbids the construction contended for by appellant. The manifest purpose of the proviso was to provide for the entrance of other railroads, in the future, into the city of Birmingham over the same right of way, the grantor anticipating that at some time in the future it might become difficult or impossible for such railroads to procure an entrance into the city. The covenant was inserted for the benefit of the adjacent lands of the grantor and inured to all subsequent grantees of those lands. Indeed a proper construction, considering the time and circumstances under which the grant was made would be that

the covenant was meant for the benefit of the city of Birmingham, which, in 1872, the date of the grant, was just being founded, and established. If the covenant was construed to be a condition, it would manifestly defeat the intent of the grantor in making it. By its breach and forfeiture consequent thereupon the estate would revert to the grantor and the right of other railroads to occupy it, would thereby be as effectually defeated as if it had never been inserted in the original deed. Forfeiture of the estate was not in the contemplation of the grantor when the clause was inserted. The sole purpose of it was to provide a means by which other railroads, as well as appellee, would be entitled to occupy the right of way. Forfeiture and re-entry for breach of the condition subsequent would directly defeat the very intent for which the clause was inserted. Evidently the remedy contemplated by the parties was to be a specific enforcement of the provisions, not a divesture of the estate.

If the intent of parties, gathered from the surrounding circumstances from the nature of the grant itself, and the purpose of inserting the clause in the grant are to govern in the construction of the grant, then, without doubt, it must be construed as a covenant or limitation. The courts will overlook technical words, when they do not evince unequivocal evidence of the intention upon the part of the grantor to grant an estate upon condition subsequent. If there be no reason save that such technical words are used in a deed, the court will disregard them in performing the office of interpretation. We have seen that the word "provided" is used indifferently to express a condition, or a covenant, and that when this word is used, recourse must be had to the intent of the parties to interpret what it is designed to introduce. Certainly the grantor did not intend that the right of way should be forfeited for that would destroy the very intention of the proviso. That is the encouragement of other railroads to come to the city it was establishing on its property. This was the inducement of the original grant of the right of way to appellee. It would be contrary to the express intention of the grantor to construe the proviso so as to effect a forfeiture of appellee's interests. It would be a more patent violation of its intentions to so construe it as to destroy the rights of other railroads, for it was to create these rights alone, that the clause was inserted. We submit that the only reasonable interpretation of the clause is that it is a covenant or that it creates an equitable easement in the right of way granted. In order that the in-

strument should be interpreted as a covenant, there need be no technical words of covenant. The law does not require any appropriate or set form of words in order to create a covenant. The words "promise" or "covenant" need not be found in the instrument at all in order to read it as a covenant, for a covenant can be created by any words. *Post v. Weil*, 115 N. Y. 370; *Palmer Exr. v. Ryan*, 22 At. Rep. 574; *Woodruff v. Woodruff, et al.* 16 Atl. Rep. 4; *Portland v. Terwilliger*, 19 Pac. Rep. 93; *Jue Fook Sam v. Lord*, 23 Pac. Rep. 225; *Stone v. Houghton*, 139 Mass. 175; 3 Leonard, p. 16. In this case we submit that specific performance and not re-entry and forfeiture is the proper remedy to effectuate the intentions of the grantor.—*Joy v. St. Louis*, 138 U. S. I. *Whitney v. Union Railway Co.* 11 Gray 359. *Parker v. Nightengale*, 8 Allen, 341. *Wilkinson v. Clements*, L. R. 8 Chy, 96. *Perkins v. Hadsel*, 50 Ill. 216. *Stansbury v. Fringer*, 11 Gill & J. 149. *Choppin v. Harris*, 90 Mass. 594. *Stilwell v. St. Louis & H. R. R. Co.*, 39 Mo. App. 221. As a covenant it is not enforcible because of a want of certainty of the parties who are to receive the benefit of it, and who have a right to enforce it. The beneficiaries are an unknown future class, entirely undeterminate at the time of the making of the deed, and without means of determination, contained in the deed. As a condition, it is void because repugnant to the spirit and letter of the original grant and for that reason not enforcible. A grant of this exclusive right of way to appellee, coupled with a condition upon the grant conferring a right to use part of it on other railroads, is manifestly inconsistent. Both cannot stand and the rule applicable to deeds in such cases is that the grant will prevail and the condition will fail.

HARALSON, J.—The suit is for a strip of land 100 feet wide, running, and constituting the right of way of the defendant corporation, through the City of Birmingham.

The averments of the complaint on which recovery is sought are, that in 1872, the plaintiff was the owner and in possession of said tract of land, and, for a nominal consideration, conveyed the same to the defendant railroad company as a right of way, upon a condition expressed in the deed of conveyance as follows: "Provided, however, that any other railroad running into or through the City of Birmingham shall have the right to run a parallel track along upon the same right of way;" that defendant accepted the conveyance upon the condition therein expressed and built the track of its railroad thereon;

that on the 25th July, 1890 the Highland Avenue & Belt Railroad Company, running a railroad into and through Birmingham, demanded of defendant the right to run a track on said right of way, parallel to defendant's track, which defendant refused to permit to be done, and, thereupon, before the bringing of this suit, the plaintiff claimed a forfeiture of the said tract of land, and demanded the possession thereof from the defendant, but the defendant refused to surrender and unlawfully withholds the possession thereof.

There was a demurrer to the complaint, on several grounds, as set out in the record, which was sustained, and plaintiff declining to amend, suffered judgment on the demurrer, to reverse which this appeal is prosecuted.

There is but one question presented for review, and that is, the proper construction of the clause in the deed which is quoted in the complaint,—and set out above. The appellant claims that this is a condition subsequent, conferring on it, the right to forfeit the estate on breach thereof, while the appellee contends, that it is a covenant or limitation or equitable easement for a breach of which, the remedy, if any, would be an action for damages at law, or a bill for the specific performance thereof in equity.

In its most extended sense, the word, condition, signifies a clause in an agreement which has for its object to suspend, rescind, or modify the principal obligation; or, in a will, to suspend, revoke, or modify the devise or bequest. 4 Kent's Com. 121; Coke on Litt. 201 a.

No precise or technical words are required in a deed to create a condition precedent or subsequent. It is said, that the words, *proviso, ita quod* and *sub conditione*, are the most proper to make a condition, yet, they have not always that effect, but frequently serve for other purposes, sometimes operating as a qualification or limitation, and sometimes as a covenant; (IV. Com. Dig. 376-7) but, whether they amount to the one or the other may be matter of construction, dependent on the contract, the nature of the circumstances and the intention of the party creating the estate. The intention of the party to the instrument, when clearly ascertained is of controlling efficacy. But, when that is not clearly manifest, the construction to be given to the deed, as has been well said, will, after all, depend less upon artificial rules, than upon the application of good sense and sound equity, to the object and spirit of the contract in the given case. 4 Kent 125, 133; IV. Com. Dig. 378; *Finlay v. King,* 3 Peters 346; *Hayden v. Stroughton,* 5 Pick. 528; *Underhill*

*v. S. & W. R. R. Co.* 20 Barb. 455; *Nicoli v. The N. Y. & E. R. R. Co.*, 12 N. Y. 121.

Conditions subsequent are not favored in the law, and are construed strictly, for the reason, that they tend to destroy the estate granted, and in many instances, when rigorously exacted, work hardships scarcely reconcilable with good conscience. And, when there remains a doubt, if the clause in a deed be a covenant, limitation, or condition, the court will incline against the latter, preferring the former. Nor are conditions sustained, when repugnant to the estate granted, or infringe upon the essential enjoyment and independent rights of property, and tend manifestly to public inconvenience. 4 Kent 130, 131, 132, Co. Litt. 205, b, 219 b. *Lord Cromwells case*, 2 Coke 720; *Chapin v. Harris*, 90 Mass. 594.

Applying these principles of construction to the case in hand, and the question at issue is of easy solution.

The consideration of the grant was nominal, its subject was the right of way for the track of a great railroad, running through a city of unbounded expectations of growth in population and development in enterprises. It is not a violent presumption, that the Elyton Land Company was largely interested, pecuniarily, in these prospective developments which have since that time culminated in the building of a large city of commercial and manufacturing importance. It gave the railroad the right of way, from advantages which it may be presumed the company supposed would accrue to its other surrounding possessions. The fact that it made the *proviso* in the grant that other railroad companies, as they came into existence and operation through the city, should have the privilege of running their tracks along parallel with defendant's, is evidence of such a pecuniary interest; for these, in turn, would tend to increase population, develop enterprises, and bring increasing wealth to the city and to those owning lands to be sold and improved. It is manifest that the grantor in this deed never had it in mind afterwards to take away from the defendant its right of way in said city so as to shut it out and thereby defeat the very developments it intended to foster by the grant, nor that the railroad company accepted the conveyance with any such understanding. There is a conspicuous and significant absence in the clause we consider of a reservation of a right of re-entry upon condition broken, which would have been so proper and so easy of insertion, if such had been the intention of the grantor. One can hardly presume that a railroad company would have accepted a right of way, so inti-

[Elyton Land Co. v. South & North Ala. R. R. Co.]

mately connected with its future success, on any such terms, or that the party owning the land would, under the circumstances, have made so rigorous and ruinous an exaction. Far better would it have been for the railroad company to have purchased its right of way, or condemned it under the statute, than to have accepted a voluntary grant with a condition so repugnant to the very nature of the business and objects for which the land was acquired, the enforcement of which, at any time, on any account, would have been attended with consequences so serious to its enjoyment of the property, and so manifestly to the public inconvenience. It is certainly more consonant with equity and the application of sound sense to construe the clause rather as a covenant or a limitation upon the grant of the right of way, that other railroads running into or through the city of Birmingham shall have the right to run parallel tracks upon or along the same, jointly with defendant. In what way this right may be exercised, and how far enjoyed by other lines when inconvenient or detrimental to the defendant, are questions we do not consider, because they are not before us.

If it be suggested that the defendant has violated the covenant or limitation of the deed, and has deprived another road of the right of way as reserved thereby, it is a full reply, that it has voluntarily assumed such an attitude with all the consequences attaching thereto, amenable to remedies such as the law provides to any one whose rights may have been violated.

As supportive of our construction of the deed, we subjoin the following additional authorities: *Post v. Weil*, 115 N. Y. 370; *Whitney v. Union Rwy Co.*, 11 Gray, 359; *Stillwell v. St. L. R. R. Co.*, 39 M. App. 221; *Palmer v, Ryan*, 22 At. Rep. 574; *Woodruff v. Woodruff*, 16 At. Rep. 4; *Portland v. Terwilleger*, 19 Pac. Rep. 93; *Joy v. St. Louis*, 138 U. S. 1; *Webb v. Robbins*, 77 Ala. 177; *McMahon v. Williams*, 79 Ala. 288; *Gilmer v. Montgomery Railway Co.*, 79 Ala. 569; s. c. 85 Ala. 532.

Affirmed.