# Gardner *v.* Knight.

### *Bill to Cancel Deed.*

124  273
130  589

124  273
132  200

124  278
137  572

124  278
140  378

124  273
142  620

1. *Deed; when cannot be cancelled.*—Where one conveys property to another by deed in consideration that the grantee shall provide for the grantor during his life, the grantor cannot have the deed cancelled on the ground that the grantee failed to carry out his undertaking; the remedy is on the undertaking and not by way of cancellation of the deed.

2. *Same.*—If one, who is not shown to be incapable of contracting, executes a deed to another because of representations made by the grantee that he would provide and care for the grantor during his life, and that such provision and care were worth largely more than the property conveyed, he cannot have the deed cancelled because the grantee knew, at the time he made them that these representations were false.

3. *Vendor's lien; when waived.*—Where a vendor of land takes the obligation of a party other than the grantee for the payment of the consideration, he waives the vendor's lien.

4. *Specific performance; when not granted.*—A chancery court will not specifically enforce an obligation for only undefined personal acts of the obligor.

5. *Same.*—Where a bill is brought against one party and by amendment another party is made defendant, it cannot be converted into a bill for specific performance against the latter party alone, the first party objecting.

6. *Same.*—Specific performance cannot be had under the general prayer of a bill, when it is wholly different from and repugnant to the relief specifically prayed.

7. *No equity; when.*—There can be no equity in a bill which invokes the power of the court to do a vain and useless thing.

8. *Demurrer; when party not put to.*—Where the objection to a bill is, not that its statement of the facts relied on are insufficient, but that the facts themselves, however clearly and fully stated, cannot be made the basis of relief, there is no occasion to put the respondent to a demurrer rather than a motion to dismiss for want of equity on the idea that the complainant should be allowed an opportunity to amend his bill.

APPEAL from Tallapoosa Chancery Court.
Heard before Hon. RICHARD B. KELLY.
The case is clearly stated in the opinion.

18

[Gardner v. Knight.]

JOHN M. CHILTON, for appellant.—Complainant entitled to reformation of deed.—*Kelly v. Payne,* 18 Ala. 371. (2). Deed was presumptively fraudulent.—*Clarke v. Malpas,* 31 Bear. 80; *Kennedy v. Kennedy,* 2 Ala. 572, *Gibson v. Carson,* 3 Ala. 421. (3). Motion to dismiss for want of equity should not have been granted.— *Hooper v. S. & M. R. R.,* 69 Ala. 529; *Comer v. Smith,* 74 Ala. 115.

GARRETT & LACKEY, *contra.*—Motion to dismiss properly granted.—*Seales v. Robinson,* 75 Ala. 363; *Hooper v. S. M. R. R.,* 69 Ala. 529. (2). Complaint cannot be amended to make a new case demanding different relief. *Leggett v. Burnett,* 48 Ala. 380; *Howell v. Motes,* 54 Ala. 1; *Penn v. Spence,* 54 Ala. 35; *Scott v. Ware,* 64 Ala. 174. (3). Complainant must allege that he was misled.—*Crown v. Carriger,* 86 Ala. 590; *Tabor v. Peters,* 74 Ala. 490.

McCLELLAN, C. J.—In 1895 W. A. Gardner owned and resided upon certain forty acres of land. He owned no other land and his personal property was of inconsiderable value. He was eighty-five years of age, nearly blind and so feeble and decrepid as to be unable to earn a sustenance or even to take proper care of his person. Lucy Knight was his daughter, and J. C. Knight was her husband. They lived nearby on eighty acres of land which W. A. Gardner had owned, but which he had the previous year conveyed to them severally, forty acres to Lucy in consideration of love and affection, and forty to J. C. Knight upon a valuable consideration. On January 3, 1895, said Gardner executed a warranty deed covering his forty remaining acres to Lucy Knight wherein was the following recital of consideration: "the sum of five dollars to me in hand paid by J. C. Knight, the receipt whereof is hereby acknowledged, and further for the love and affection I bear my daughter, Lucy Knight, wife of the said J. C. Knight, and further in consideration that the said J. C. Knight is to furnish me, the said W. A. Gardner, with necessary food and clothing to render me comfortable during my life suitable to my station, and further to furnish me all necessary attention

in sickness, medicine, medical aid and medicine, and further that the said J. C. Knight is to cover one room of the house on the premises hereinafter to be granted and also to build a buggy-house 12x14 feet on said prem- ises, and to build another house 18x18 feet, also to build certain fences on the premises known by said Knight." In this deed the grantor reserved to himself the posses- sion of the premises during his life. In connection with this conveyance and upon the same paper J. C. Knight executed to Gardner the following instrument: "Know all men by these presents that I, Jesse C. Knight having: read over the above conveyance and deed and fully un- derstanding the nature and requirements of the same, I do hereby consent to the same and assume all the obliga- tions therein required of me and accept the conditions. therein expressed and agree to carry out the same in good faith."

On August 27, 1897, W. A. Gardner filed the present bill to cancel and annul said deed to his daughter and to revest the title in himself. The grounds upon which this relief is sought are that the only consideration for the deed was the undertaking of J. C. Knight to provide for the sustenance and support of the grantor and to make the specified repairs and improvements upon the prop- erty, and the total failure of performance of that under- taking by both Knight and his said wife. It is averred in the bill that the consideration was in no part consti- tuted of the grantor's love and affection for his daugh- ter nor of the payment of five dollars by J. C. Knight and that the recital of these elements of consideration was embraced in the deed through a mistake of the draughts- man. To show fraud on the part of J. C. and Lucy Knight, it is averred in the bill that at the time the con- veyance was executed they knew that Mr. Gardner "was very old, infirm and feeble both in body and mind and knowing these facts they procured the said Gardner to execute said conveyance by representing to him that they would provide and care for him, which was worth largely more than the property conveyed, when at the same time they knew the same to be a misrepresenta- tion;" and further "that W. A. Gardner was not only very old, infirm and enfeebled, but that he was destitute

of means of support and was unable to wait upon and take care of himself and that said Knight and wife being fully aware of these facts took advantage of the same and procured said W. A. Gardner to execute said deed without any consideration for the same." Such is the case made by the bill. Its special prayer was, as we have seen, for a cancellation of the conveyance of W. A. Gardner to Lucy Knight and the revestiture of title in the former. There was also a general prayer for relief. The complainant, W. A. Gardner, having died before the decree now appealed from, the cause was revived in the name of his administrator, W. L. Gardner. The case was submitted on motion to dismiss the bill for want of equity and on demurrer to the bill. Both the motion and the demurrer were sustained by the chancellor, and from that decree this appeal is prosecuted.

On the averments of the bill the case is to be treated for all the purposes of this appeal as if the only consideration for the deed in question and the only consideration recited therein was the undertaking of J. C. Knight to provide for the grantor and to make the specified improvements on the land. So considered complainant's title to the relief specially prayed is rested upon three grounds: *First*, that J. C. Knight (and Lucy too for that matter) utterly failed and refused to carry out his said covenant or undertaking; *Second*, that the conveyance to Lucy Knight was procured from an old man infirm and feeble in mind and body by representations on the part of Lucy Knight and her husband that they would provide and care for him during his life and that such provision and care was worth largely more than the property conveyed, and that they knew at the time they made them that these representations were false; and *Third*, that Knight and his wife knowing W. A. Gardner's infirmity of mind and body and his destitute condition, took advantage of his situation and infirmities to procure and did procure the execution of the deed without any consideration therefor.

The first ground is obviously wanting in merit. The fact that J. C. Knight failed to carry out his undertaking or that both he and his wife failed and refused to carry out the undertaking in consideration of which the

conveyance was made is no ground for the cancellation of the conveyance. The undertaking was in no sense a condition subsequent upon the breach of which the con- veyance was void or voidable, but at most it was a mere covenant on the part of J. C. Knight to pay, acquit and satisfy the price of the land in a particular way, or rather the consideration upon which the deed was made; and there is no more room or reason for a cancellation of the conveyance for default in the satisfaction of such a consideration or for failure to carry out such an under- taking than there would have been had the considera- tion been so much money and the purchaser had made default in the payment thereof. In both cases the remedy of the vendor would be on the undertaking, and not by way of cancellation and revestiture of title in himself.

The second position stated above is equally untenable. It involves no more than this: That Knight and his wife promised to provide for the grantor without intending to do so, and that they represented to him that the obli- gation Knight assumed to take care of him etc., the pro- vision Knight undertook to make for him was largely more valuable than the land, and that they knew this was false. Whatever was the intention of Knight and his wife in respect of providing for the grantor etc., he received from the former his legal and binding obliga- tion to provide for him; and this was the consideration for which he conveyed the land—this was what he stipu- lated for in the instrument itself. And whether this was an adequate or excessive consideration for the prop- erty was necessarily a matter of opinion. As W. A. Gardner received the obligation for which he contracted, the fact that the obligor did not intend to carry it out affords no ground for cancelling the conveyance: the obligee had his plain and adequate remedy whereby to realize upon the obligation whatever may have been the obligor's intention as to performance *vel non*. Nor did the false expression of opinion as to the adequacy of the consideration by Knight and his wife arm the grantor with the right to cancellation, it not appearing that he was without sufficient mental capacity to contract.

[Gardner v. Knight.]

The third ground upon which it is sought to rest complainant's right to the relief prayed is wholly repugnant to the other averments of the bill and to the confessedly truthful recitals of the deed as to the consideration. The bill avers that the consideration of the conveyance was said obligation of J. C. Knight and that such consideration is correctly recited in the deed, and the deed as exhibited to the bill does recite that obligation, among others, as its consideration. On the case as thus presented, the complainant can take nothing by the contradictory and repugnant averment injected into the bill by amendment that there was no consideration for the conveyance.

The foregoing suggestions serve to show the reasons for our conclusion that no case is made for the cancellation of the deed, and that no relief can be granted on the special prayer. The bill is equally without merit authorizing relief under the general prayer. It cannot be maintained as a bill to enforce a vendor's lien, because assuming that the consideration were of a character upon which such lien could arise in any case, the fact that the vendor took the obligation of a party other than the grantee for the payment of the consideration is a waiver of the lien. The bill has no equity as for a specific performance because in the first place the obligation is not of a nature which the chancery court will specifically enforce, being only for undefined personal acts of the obligor, and, in the second place, the undertaking is that of J. C. Knight alone, he alone is a proper party respondent to a bill for specific performance, this bill was originally filed against Lucy Knight alone and it could not be converted into a bill for specific performance against the objection of said Lucy, which was interposed, because such amendment operated both an entire change of parties respondent and of the cause of action. And finally the relief of specific performance is wholly different from and repugnant to the relief specifically prayed.

But it is said that at all events complainant was entitled to reformation of the deed under the general prayer so as to eliminate from it the recitals of the money consideration of five dollars as moving from J. C. Knight and the consideration of the grantor's love and

[Murphy *et al.* v. Farley.]

affection for Lucy Knight. It will suffice to say in this connection that such a reformation would be entirely futile, the effect and operation of the deed would remain precisely the same without as it is with those recitals and there can be no equity in a bill which invokes the power of the court to do a vain and useless thing.

All the facts set forth in the bill are sufficiently pleaded in a sense: the objection to the bill is not that its statements of the facts relied on are insufficient but that the facts themselves however clearly and fully stated cannot be made the basis of relief. In such case there is no occasion to put the respondents to a demurrer rather than a motion to dismiss for want of equity on the idea that the complainant should be allowed an opportunity to amend his bill.

We do not decide whether the case was properly revived in the name of W. A. Gardner's administrator.

The decree granting respondent's motion to dismiss the bill for want of equity etc. etc. must be affirmed.

Affirmed.