### WILLIAM EBERT v. BERTHA GILDEMEISTER and Others.[1]

November 6, 1908.

Nos. 15,824—(162).

**Deed—Breach of Agreement—Reconveyance.**

Appellant, Bertha Gildemeister, in consideration of conveyance to her by respondent, her father, of his farm, entered into a contract to provide him with a room in the farmhouse and with suitable board and care for the remainder of his natural life. *Held*, the evidence is sufficient to sustain the finding of the trial court that the daughter failed to comply with the terms of the contract and that respondent was entitled to a reconveyance of the property.

Action in the district court for Sibley county to recover certain premises which plaintiff had conveyed to defendant, his daughter, upon her agreement to support him during his life. The case was tried before Morrison, J., who made findings and as conclusions of law found that plaintiff was entitled to judgment annulling the conveyance, unless defendant Bertha Gildemeister, within forty days should pay $2,000 to plaintiff, or that plaintiff be reinstated in the ownership and possession of the premises. From an order refusing to grant a new trial, defendants appealed. Affirmed.

*W. H. Leeman,* for appellants.

*F. R. Allen,* for respondent.

[1] Reported in 118 N. W. 155.

LEWIS, J.

Respondent and his daughter, Bertha Gildemeister, entered into a certain contract in writing, of date March 21, 1900, conveying to her one hundred sixty acres of land and certain personal property, in consideration of the sum of $1,800 and the further consideration "to furnish and provide to and for the said William Ebert during his natural life as follows:

"The south room on the ground floor for the use and purpose of the said first party, free firewood prepared for his use and sufficient therefor, also free board and wash, the same suitable to the condition of said first party, and to be provided for at the same table at meal times as the second party shall use; also fifty dollars each year on the first of March; also stable room, feed, and pasturage free of cost for one horse. * * * However, it is mutually agreed that should the said William Ebert decide or determine to leave the premises and to reside at some other place, to accept in lieu of the foregoing, and the said Bertha Ebert agrees to pay in lieu of the foregoing, the sum of one hundred dollars in cash annually during the natural life of the said William Ebert, on the first day of March each year thereof. * * *"

It is claimed that default was made in carrying out the terms of the contract, and this action was brought to annul the same and to secure title and possession of the premises. The court found that until September 15, 1906, the daughter and her husband resided on the farm and substantially complied with the terms of the agreement, but that on or about that day removed to the village of Gaylord, having leased the farm to a tenant, with whom arrangements were made to room and board respondent, and for stable room and pasturage of his horse; that respondent lived with the tenant until September 15, 1907, when board was refused him; that at no time was the board furnished by the tenant such as respondent had been accustomed to have, nor was it suitable to a person of his age and condition; and that since that time appellant Bertha Gildemeister refused and neglected to furnish respondent any board or care, and that he was obliged to furnish and cook his own food, or buy the same from his neighbors. Judgment was ordered for respondent, and we are only required to determine whether the evidence supports the findings of fact.

It fairly appears from the contract that the farm and personal property were conveyed to the daughter upon the express agreement that, in addition to the consideration of $1,800 in money, respondent should be furnished with a room in the farmhouse, be boarded at the table of the daughter, and receive such care and treatment as was suitable to his age and condition. It is not necessary to go so far as to hold that the daughter contracted to always remain on the farm. Conceding that she might move away, and still comply with the conditions of the contract through the medium of a tenant, and conceding that the conditions of the contract were substantially complied with during the year respondent resided with the tenant, yet the evidence is conclusive that from and after September 15, 1907, there was a total failure to make any provision for the father. The daughter apparently contends that she was not obliged to provide for her father at the farm, and all she did was to inform him he could come and live with her at Gaylord. This view of meeting the obligations of the contract cannot be accepted. The evidence is sufficient to support the finding that from and after September 15, 1907, there was a failure to comply with the terms of the contract, and such finding is sufficient to support the judgment.

Affirmed.