# Burroughs *v*. Burroughs.

## Bill to Enforce a Vendor's Lien.

(Decided Nov. 18, 1909. 50 South. 1025.)

*Vendor and Purchaser; Vendor's Lien.*—Although the consideration of a conveyance recites that it is a certain sum of money, yet, if it appears that the consideration was an agreement by the grantee to care for and support the grantor for life, the grantor has no vendor's lien on the land. To support a vendor's lien there must be a promise to pay a certain definite amount or the parties must agree on a fixed definite monetary substitute to be effective in case the grantee fails to perform his covenants.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Bill by Martha C. Burroughs against James C. Burroughs, to enforce a vendor's lien. Decree for complainant and respondent appeals. Reversed and remanded.

OLIVER, VERNER & RICE, for appellant.—Under the facts alleged in the bill no vendor's lien was created.— *Gardner v. Knight*, 124 Ala. 278; *Parrish v. Hastings*, 102 Ala. 414; 3 Pom. sec. 1251 and note; *Bridgeport L. & I. Co. v. A'. F. S. C. Co.*, 94 Ala. 592; *Plowman v. Riddle*, 14 Ala. 167.

DANIEL COLLIER and R. H. SCRIVENER, for appellee. —Complainant had a vendor's lien and the court properly enforced it.—*Bridgeport L. & I. Co. v. A. F. S. Co.*, 94 Ala. 592; *Parrish v. Hastings*, 102 Ala. 419; *Hooper v. Savannah R. R. Co.*, 69 Ala. 529; 2 Jones on Liens, sec. 1071.

McCLELLAN, J.—The decree appealed from declared, and directed the enforcement of, a vendor's lien as

prayed in complainant's (appellee's) bill.   The bill, in paragraph 4, expressly alleges that the consideration for the conveyance of her land, by complainant to J. B. Burroughs, "was that Burroughs should support and maintain the complainant for the balance of her life; that the support and maintenance of the complainant for the period of her natural life was and is the agreed purchase price for the said lands"; or that the consideration was that Burroughs should furnish a reasonable amount necessary to her support during her life.   The bill, in the cited paragraph, pointedly alleges that the sum recited in the deed exhibited with the bill, viz., $150, was not the consideration for the conveyance and that it never was paid.   Following the first stated averments, the true consideration for the conveyance is alleged as quoted above.   Accordingly the cause must be considered without reference to the argued inquiry, based on one of the principles treated in *Hooper v. S. & M. R. R. Co.,* 69 Ala. 529, whether a vendor's lien arises. where the promise or covenant of the grantee has, by agreement of the parties, a fixed, certain, monetary substitute, to be effective upon the contingency of a failure of the grantee to perform as he covenanted or agreed to do.   There being no allegations in the bill on which to predicate the application of the principle mentioned, a decree rested on the principle cannot be sustained.   Much of the argument of the solicitors in the cause becomes inapt on the state of the pleading here.

The question, then, is:   Has a grantor a lien upon the subject of the sale and conveyance, when the sole consideration therefor is the agreement of the grantee to care for and support the grantor during life?   We think there can be no doubt that one essential condition to the creation of a vendors' lien is that there is a definite, "ascertained, absolute debt, owing alone for

the purchase price of the land conveyed;" on the contrary, that no such lien arises where the consideration for the conveyance is an uncertain, indefinite, contingent demand.—3 Pom. Eq. §§ 1250, 1251, and authorities citetd in notes thereto. Under this doctrine, the complainant, as upon the averments of the bill, had nor has a vendor's lien. No debt, ascertained and definite, was created by the agreement between the parties as for the sale and conveyance of the land. Her remedy was "on the undertaking," as *Garner v. Knight,* 124 Ala. 273, 274, 27 South. 298, adjudges.

The decree is reversed, and a decree will be here rendered dismissing the bill.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.