# Brindley *v.* Brindley.

### Bill to Declare a Trust.

(Decided June 15, 1916.   72 South. 497.)

1. **Trusts; Creation; Oral Agreement.**—A parol agreement to maintain the grantor during her life as the sole consideration for the conveyance of land is insufficient to create an express trust.

2. **Same; Construction; Creation.**—In the absence of an averment of .fraud in the transaction, a parol agreement to maintain the grantor during her life as the sole consideration for the conveyance is insufficient to create a constructive trust.

3. **Same; Description of Land.**—Where complainant prayed that an express trust be declared in lands conveyed by her to respondent on consideration of support during her natural life, which respondent failed to provide, the bill was insufficient where it failed to describe the lands, or to pray for production by defendant of the deeds to the land.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Bill by Mrs. A. L. Brindley against C. V. Brindley to enforce a trust in land. From a decree overruling demurrers to the bill respondent appeals. Reversed and remanded.

E. M. RUSSELL, P. M. BRINDLEY, and SAMPLE & KILPATRICK, for appellant. MELVIN HUTSON, and TENNIS TIDWELL, for appellee.

SAYRE, J.— (1, 2) The substance and effect of the averments of the bill in this cause is that complainant executed and delivered to defendant a conveyance of her land upon the sole consideration of defendant's oral promise that he would maintain and support complainant during the remainder of her life; that defendant has wholly failed to perform his promise; that he has converted the land into money and the money into other land which he holds. The special prayer of the bill is that a trust be declared; that the value of the land that was complainant's be realized out of the land into which it has been converted; and that the sum so realized be paid over to complainant. Essentially the purpose of the bill, as indicated by the special prayer, is to rescind for a breach of the trust and restore complainant, as nearly as may be, to her status quo ante. Under our statute the parol agreement alleged was insufficient to create an express trust. To hold otherwise would destroy the statute.—*Patton v. Beecher*, 62 Ala. 579. Nor can a constructive trust be declared. There is no averment that the transaction was conceived in fraud.—Id. The court is therefore of the opinion that the demurrer to the bill should have been sustained.

(3) The bill is defective in another respect which it may be well to notice. Complainant avers that she is unable to give the exact location and description of the land into which the proceeds of her property have been converted; in the way of description she avers that it is the land upon which the defendant now resides. This is insufficient. In the event of relief the court should have been so informed that it might make its decree effectual by fastening a lien upon definitely described land. If complainant had no other means of ascertaining a sufficient description, it would have been necessary to incorporate in the bill appropriate averments and to add a prayer for the discovery of facts resting in the knowledge of defendant or for the production of the deeds or writings in the possession or power of the defendant.

In view of the frequency with which cases of this peculiar character appear in the books, I am disposed to state in a general way my belief that relief might have been had on a bill differently framed but for the fact that the property has passed into the hands of a purchaser whom I assume was a purchaser for value without notice of complainant's equity. The courts very generally have found a way in such cases.—*Davis v. Davis*, 130 Ala. St. Rep., note on page 1040 et seq.; 6 Pom. Eq. Jur. § 686, note. I

have no desire to impair the authority of *Gardner v. Knight*, 124 Ala. 273, 27 South. 298, and *Burroughs v. Burroughs*, 164 Ala. 329, 50 South. 1025, 28 L. R. A. (N. S.) 607, 137 Am. St. Rep. 59, 20 Ann. Cas. 926, in the circumstances of those cases; but I think it should be noted that in the first-named case it was averred in the bill that the considerations of love and effection and $5, recited in the deed, were in fact no part of the consideration upon which the deed was made, and so, expressly, the bill was treated on appeal as if the only consideration for the deed there in question was the undertaking of the grantee to provide for the grantor and to make specified improvements on the land. The same, in substance, was the case in *Burroughs v. Burroughs*. In making this very general suggestion I speak for myself only. The court does not consider anything beyond the question of the equity of the bill shown by the record.

We are all agreed that on the facts alleged in the bill before us complainant can have no relief, and that the demurrer to it should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.