(79 South. 121)

FIRST NAT. BANK OF NEW BROCKTON v. McINTOSH. (4 Div. 768.)

(Supreme Court of Alabama. April 25, 1918.)

1. DEEDS &#8680;155 — CONDITION SUBSEQUENT — SUPPORT OF GRANTOR.

A deed by parents to their daughter, conditioned on support of the parents during their lives, was a deed upon condition subsequent, under which the estate of the daughter was dependent upon her performance of the condition.

2. MORTGAGES &#8680;154(4)—NOTICE—RECORDS.

The expressed condition in a deed from parents that the grantee daughter support the parents was enforceable against a bank to whom the daughter mortgaged the property; the deed, with its expressed condition, duly recorded, being notice of the condition.

3. DEEDS &#8680;168 — CONDITIONS — BREACH — LACHES.

A parent, suing to cancel a conditional deed to his daughter and a mortgage on the property given by her to a bank, was not barred by laches, where he had been and was in possession of the property and the grantee had asserted no adverse right.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill in equity by A. McIntosh against the First National Bank of New Brockton and another, to require it to surrender and deliver up a deed for cancellation, and to declare void and canceled a mortgage to the First National Bank executed by M. L. Smith, formerly McIntosh, so far as the lands therein described are concerned. From a decree for complainant, the named respondent appeals. Affirmed.

C. W. Simmons, of Enterprise, and H. L. Martin, of Ozark, for appellant. W. W. Sanders, of Elba, for appellee.

THOMAS, J. The bill was filed by a grantor against the grantee in a deed and her mortgagee, praying the cancellation of the deed and mortgage for failure of compliance with the conditions contained in the deed. Respondents interposed demurrer, assigning as a ground thereof that the bill was without equity. The demurrer being overruled, an appeal was taken by the mortgagee, and the decree on demurrer is made the basis of appropriate assignment of error.

That a court of equity has jurisdiction appropriate here has been declared by this court. Shannon v. Long, 180 Ala. 128, 134, 60 South. 273; Seaboard A. L. Ry. Co. v. Anniston, 186 Ala. 264, 65 South. 187; Gardner v. Knight, 124 Ala. 273, 27 South. 298; Elyton Land Co. v. S. & N. A. R. R. Co., 100 Ala. 396, 14 South. 207; Torrent Co. v. City of Mobile, 101 Ala. 559, 14 South. 557.

Is, then, the condition in the deed a condition precedent or a condition subsequent? Appellee contends that when construed in the light of the circumstances under which the deed was made, as averred in the bill, the condition was a material and inducing consideration for the execution of the deed —a condition subsequent, the nonobservance of which resulted in the forfeiture of estate, at the election of complainant-grantor.

The facts averred are, in substance, that on the 5th day of March, 1907, the complainant, being the owner and in the possession of the lands in question, made a conveyance

---

thereof to his daughter, M. L. McIntosh, and that he was joined therein by his wife, who has since died; that this conveyance was in form a warranty deed, based upon the recited considerations of love and affection, the agreement of the grantee to take care of the grantors "during their lifetime," and one dollar in hand paid, the receipt whereof was thereby acknowledged. The granting clause was as follows:

"That we * * * do grant, bargain, sell, and convey unto the said M. L. McIntosh the following described property * * * [describing it]. This conveyance is made by us, however, upon the condition that the said M. L. McIntosh shall take care of us during the remainder of our natural lives and that she shall give us a home with her on said premises and provide for us in a way which her means will authorize so long as we or either of us may live."

The habendum clause, "To have and to hold the same unto the said M. L. McIntosh, her heirs and assigns forever," concluded with covenants of warranty. Thereafter the grantee secured her note to the First National Bank of New Brockton by a mortgage purporting to convey the lands in question. The bill makes said bank and the grantee in the deed, M. L. McIntosh, parties respondent, and prays a cancellation of the deed and the mortgage on the grounds stated, yet asks that redemption be permitted if the mortgage be held a valid lien on the lands.

The distinctions between conditions precedent and conditions subsequent, together with the general rules of construction of conditions in written instruments, have been often discussed by the courts. In 8 Ruling Case Law, § 156, Deeds (pages 1098, 1099), this phase of the subject is treated of as follows:

"Whether a condition in a deed is a condition precedent or a condition subsequent depends on the construction of the language used by the grantor, in connection with the purpose of the grant, and on the intent of the parties as collected from the whole contract, whatever the order in which they are found or the manner in which they are expressed. It is difficult, therefore, to formulate any exact test by which to determine whether a condition is precedent or subsequent. * * * Moreover, certain general tests are recognized. Thus conditions subsequent are those which in terms operate on an estate conveyed and render it liable to be defeated for breach of the conditions, the title passing to the grantee, subject to divestiture on failure to perform the condition; while conditions precedent are those which must take place before the estate can vest or be enlarged, and if land is conveyed on a precedent condition the title will not pass until the condition is performed."

In this jurisdiction we have recently declared that:

"While, as a general rule, a court of equity disfavors forfeitures, it will, when by reason of the breach by the grantee or lessee of a condition subsequent in a conveyance or lease the conscience of the situation demands it, declare that a forfeiture has occurred, and cancel and hold for naught such conveyance or lease. This is especially true when the plain language of the instrument shows that it was the purpose of the parties to declare that the breach should operate as a forfeiture, and the situation of the parties is such that to uphold the instrument as still validly existing after the breach would be inequitable and unjust." Shannon v. Long, 180 Ala. 128, 60 South. 273.

See, also, Seaboard A. L. Ry. Co. v. Anniston Co., 186 Ala. 264, 65 South. 187; Zimmerman v. Daffin, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; Davis v. Davis, 81 Vt. 259, 69 Atl. 876, 130 Am. St. Rep. 1044, and note; Bell County v. Alexander, 22 Tex. 350, 73 Am. Dec. 268; Smith v. Smith, 64 Neb. 563, 90 N. W. 560; Galt v. Provan, 131 Iowa, 277, 108 N. W. 760, 60 Am. St. Rep. 317, note.

"No precise or technical words are required in a deed to create a condition precedent or subsequent. It is said that the words 'proviso,' 'ita quod,' and 'sub conditione,' are the most proper to make a condition, yet they have not always that effect, but frequently serve for other purposes, sometimes operating as a qualification or limitation, and sometimes as a covenant (IV Com. Dig. 376, 377), but whether they amount to the one or the other may be matter of construction, dependent on the contract, the nature of the circumstances, and the intention of the party creating the estate. The intention of the party to the instrument, when clearly ascertained, is of controlling efficacy. But when that is not clearly manifest, the construction to be given to the deed, as has been well said, will, after all, depend less upon artificial rules, than upon the application of good sense and sound equity to the object and spirit of the contract in the given case. 4 Kent, 125, 133; IV Com. Dig. 378; Finlay v. King, 3 Pet. 346 [7 L. Ed. 701]; Hayden v. Stroughton, 5 Pick. [Mass.] 528: Underhill v. S. & W. R. R. Co., 20 Barb. [N. Y.] 455; Nicoll v. N. Y. & E. R. R. Co., 12 N. Y. 121." Elyton Land Co. v. S. & N. A. R. R. Co., 100 Ala. 396, 14 South. 207; Zimmerman v. Daffin, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; 2 Devlin on Deeds, § 970.

In 6 Am. & Eng. Ency. Law (2d Ed.) 503, note 5, we have authority that conditions for the support of, or payment of money to, the grantor, or any other person or persons named, are generally construed as conditions subsequent in Missouri, Illinois, and Wisconsin.

In a note to Davis v. Davis, 130 Am. St. Rep. 1044, the editor collects the authorities to the effect that: (1) Though courts generally do not favor conditions subsequent in deeds of conveyance, yet this particular class of cases, involving an agreement by grantee to support grantor, is, in many jurisdictions, made an exception to the general rule, and, although the obligations in form rest in covenant, they are construed to rest in condition; or, in other words, the conveyance made under such circumstances is not absolute, and the title to the property conveyed may be devested from the grantee and revested in the grantor, upon breach of the condition subsequent. The reasons for this exception are:

"To protect the weak, to prevent the realization of contemplated frauds, of unconscionable bargains, and, generally, of administering justice between man and man." Glocke v. Glocke, 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458; Knutson v. Bostrak, 99 Wis. 469, 75 N. W. 156.

(2) That:

"Equity deals with the situation the same as with any other where a reversion of title has taken place by re-entry, or its equivalent, for condition broken. It establishes the title to the property in accordance with the facts, and clears away all apparently interfering writings and records, giving such other relief as may be necessary to fully accomplish that end. * * * True, neither the deed nor the mortgage states in express terms that the estate is granted upon condition, but the word 'condition' is not necessary for the creation of an estate upon condition, if it plainly appears from the words used that the intent of the parties was to create an estate of that description." Richter v. Richter, 111 Ind. 456, 12 N. E. 698; Glocke v. Glocke, infra, 113 Wis. 320. 89 N. W. 118, 57 L. R. A. 458; Gilchrist v. Foxen, 95 Wis. 428, 70 N. W. 585.; Stilwell v. Knapper, 69 Ind. 558, 35 Am. Rep. 240; Watters v. Bredin, 70 Pa. 235; Knutson v. Bostrak, 99 Wis. 469, 75 N. W. 156.

In Elbert v. Gildemeister, 106 Minn. 83, 118 N. W. 155, there was nothing in the case to show that the deed contained a "re-entry clause," but the court set aside the deed and contract "for the failure of the grantee to furnish support to the grantor." And in a New York case where the grantor had, by a quitclaim deed, conveyed lands to the grantee, "his heirs and assigns forever, to have and to hold, * * * in trust," to secure the grantor's support, the court declared that the property was "conveyed in fee simple upon condition," and that the grantee, "having complied with the terms of the agreement," was entitled to the land, upon the grantor's death, freed from any charge. Mott v. Richtmyer, 57 N. Y. 49.

In Glocke v. Glocke, 113 Wis. 303, 311, 312, 89 N. W. 118, 121 (57 L. R. A. 458), the Supreme Court of Wisconsin, treating of circumstances where the intent of the grantor was to secure personal performance by the grantee of the obligations stipulated—there being no adequate remedy for such a breach of the agreement by the grantee as would prevent the grantor from realizing the purpose of the grant other than a restoration, so far as practicable of the parties to their former position—said that a court of equity will read out of the papers evidencing the agreement a condition subsequent upon which the property was conveyed, enforceable by the grantor the same as any other such condition in the conveyance of property. The court said:

"Respondent had in mind the benefits of filial regard; something which, under ordinary circumstances, uninfluenced by disturbing conditions, is invaluable; something which can neither be estimated in nor bought with money, nor made the equivalent of anything else in a mere commercial transaction. The natural yearning of a person to have in his declining years the full benefit of that regard is well illustrated by the frequency with which persons, circumstanced as respondent was when the transaction in question occurred, part with all or substantially all their property, trusting to the beneficiary to administer the same with the fidelity which becomes a son, in face of the fact shown by experience that failure, absolute failure, will probably result, and be accompanied with loss of the enjoyment that legitimately belongs to the parental rela-

tion; and not only by loss thereof, but a substitution therefor of the most annoying of all hostile relations that can exist between acquaintances not going to the extent of imperiling the safety of person or property in a physical sense. Such contracts have come to be looked upon as almost if not quite presumptively improvident in their inception, and in that view courts of equity have gone to great lengths to remedy the mischief by reading out of them a condition, where a covenant only is expressed, upon which may be founded, on principle, a right of rescission where justice requires it for the protection of the weak, the exercise of which will undo the mischief ab initio and restore the parties, substantially, to their original situation. In this case it seems that the hope and expectation of filial regard was the moving cause on the part of respondent in transferring his property to his son. The contract contained the characteristic features found in most agreements of its class with which courts have commonly had to deal."

In Thomas v. Record, 47 Me. 500, 74 Am. Dec. 500 (much like the case at bar) the language of the deed held to be a condition subsequent was:

"I give the said Samuel T. Record this deed on the following condition, to wit: The said Samuel T. Record shall maintain and support myself, the said Perez T. Record, and Asenth Record, wife of the said Perez T. Record, for and during the term of their natural lives, and shall at all times furnish them with suitable and proper support, and shall treat them with kindness, and in all respects conduct towards them as is the duty of a son to his parents."

The opinion construing the condition subsequent was:

"Does the language in a deed constitute a condition? There can be no doubt that such is the fact. In the language of the court, in Gray v. Blanchard, 8 Pick. [Mass.] 284: 'The words are apt to create a condition; there is no ambiguity, no room for construction; and they cannot be distorted so as to convey a different sense from that which was probably the intent of the parties.' The conditions are consistent with the nature of the grant; not incompatible with any rule of law; not requiring anything immoral; and not inconsistent with public policy. Nor is there any evidence of fraud or collusion between the defendant and Samuel T. Record, in the case as presented. It is usual in the grant to reserve in express terms to the grantor and his heirs, a right of entry for breach of condition; but a grantor, or his heirs, may enter and take advantage of a breach, though there be no such clause of entry in the deed. 4 Kent's Com. 123; Gray v. Blanchard, 8 Pick. [Mass.] 284."

In Sewall v. Henry, 9 Ala. 24, wherein Judge Campbell was of counsel, and the opinion was by Chief Justice Collier, the facts being that S. executed to H. a bill of sale for a negro man, at the price of $250 in hand paid, it was agreed at the same time by the vendee, in writing, that in consideration of such sale he would sell to the vendor the slave in question at the price stated in the bill, "if applied for on the first day of January next" thereafter. It was held:

"That these several writings did not constitute a mortgage, nor could it be intended that the latter was a mere undertaking by the vendee to stipulate with the vendor for a resale on the day designated, but in itself it provided for a resale, and left nothing open for future adjustment."

The case of Gardner v. Knight, 124 Ala. 273, 27 South. 298, is not an authority

against the relief here sought because of the nonperformance of the condition subsequent in the deed prayed to be canceled.. In the conveyance construed in Gardner's Case there was attached no condition. It was a conveyance of land upon the considerations of love and affection, and the sum of $5 acknowledged to have been paid by a .daughter, and the promise of the grantee's husband to maintain the grantor. It was held that, in the absence of language showing a condition subsequent was intended, it was shown only that the simple obligation of a third party was accepted by the grantor, and that there was nothing to show that the grantor relied upon anything except this personal promise of such third party to maintain the grantor. That this is the proper interpretation of the decision is shown by the statement of Judge McClellan, 124 Ala. page 275, 27 South. page 299:

"In this deed the grantor reserved to himself the possession of the premises during his life."

And (124 Ala. on page 276, 27 South. on page 300):

"On the averments of the bill the case is to be treated for all the purposes of this appeal as if the only consideration for the deed in question and the only consideration recited therein was the undertaking of J. C. Knight [not the grantee in the deed, but her husband] to provide for the grantor and to make the specified improvements on the land. So considered, complainant's title to the relief specially prayed is rested upon three grounds: First, that J. C Knight (and Lucy too for that matter) utterly failed and refused to carry out his said covenant or undertaking. * * * The fact that J. C. Knight failed to carry out his undertaking or that both he and his wife failed and refused to carry out the undertaking in consideration of which the conveyance was made is no ground for the cancellation of the conveyance. The undertaking was in no sense a condition subsequent upon the breach of which the conveyance was void or voidable, but at most it was a mere covenant on the part of J. C. Knight to pay, acquit, and satisfy the price of the land in a particular way, or rather the consideration upon which the deed was made; and there is no more room or reason for a cancellation of the conveyance for default in the satisfaction of such a consideration or for failure to carry out such an undertaking than there would have been had the consideration been so much money and the purchaser had made default in the payment thereof. In both cases the remedy of the vendor would be on the undertaking, and not by way of cancellation and revestiture of title in himself."

The Gardner.deed is clearly distinguishable from that in the instant case (1) in that in the former the grantor reserved to himself the possession of the premises during his life, thus making provision for himself, so long as he might live, independent of the promise of his son-in-law to support him, and there was no reason why a condition subsequent should be annexed; (2) in that that transaction was not only one of self-protection, by the reservation of the life estate, but was one of reliance on the personal obligation of the son-in-law, not the grantee in the deed, to support and minister to the grantor, "to cover one room of the house on the premises * * *

and also to build a buggy house 12x14 feet, also to build another house 18x18 feet, also to build certain fences on the premises owned by said Knight." No such substantial and material considerations characterized the deed here in question; this conveyance was to the grantee daughter, in consideration of personal care, ministration, and support of old and dependent parents.

In Burroughs v. Burroughs, 164 Ala. 329, 50 South. 1025, 28 L. R. A. (N. S.) 627, 137 Am. St. Rep. 59, 20 Ann. Cas. 926, there was no condition subsequent recited in the deed, only a cash consideration, with no collateral written agreement, a part of the transaction, to the contrary. As to this the court (164 Ala. page 330, 50 South. page 1025 [28 L. R. A. (N. S.) 607, 137 Am. St. Rep. 59, 20 Ann. Cas. 926]) said:

"The bill * * * pointedly alleges that the sum recited in the deed exhibited with the bill, viz. $150, was not the consideration for the conveyance, and that it never was paid. Following the first stated averments, the true consideration for the conveyance is alleged as quoted above"— support and maintenance of complainant for the balance of her natural life.

Thus this case is not opposed to the views here announced, nor to the decision in Brindley v. Brindley, 197 Ala. 221, 72 South. 497.

In Woodley v. Woodley, 79 South. 134,[1] there was a deed and a mortgage, which, constituting one transaction, were construed together. The transaction involved the conveyance by the father to his son of certain real properties, on consideration that the grantee was to give the grantor-mortgagor "one-fourth of the crop grown by the defendant on said land which was together with $1, the consideration expressed in the mortgage executed by defendant to complainant. Held, that such condition was a condition subsequent." The court said:

"The legal title which passed by the grantor's deed was revested in him by the mortgage executed by the grantee to secure the performance of his promise to give the grantor one-fourth of the crops during his life and the further promise, of necessary implication, that, in order to be able to give one-fourth, crops would be planted from year to year and cultivated in a reasonably husbandly manner. * * * Considering the two instruments as one, the law applies itself to the intention to be gathered from the language of the whole instrument. * * * According full consideration to the rule that conditions subsequent, going to the destruction or defeasance of estates created, are not favored, we are nevertheless of the opinion that the two instruments in question, taken together, created an estate in the defendant upon the condition subsequent that he should perform the stipulations of the mortgage."

[1] We have here the case of a husband and wife, who, owning a tract of land upon which they live, desire to provide for themselves in their old age, and who, having a daughter in whom they repose confidence, agree to convey to her this homestead tract upon the consideration and condition that she will give them her personal ministrations, provide for them a home thereon, and take

1 Post, p. 662.

care of them as long as they or either of them shall live. Apt words are employed in the deed to show that the estate of the daughter and her right under the deed was dependent upon her subsequent performance of the obligations therein contained.

The intention of the grantors may be gathered, not only from the recitals of the deed, but from the surrounding circumstances, and the relation and situation of the parties the one to the other. The intention of the grantors to the instrument in question, to create a condition subsequent on which should depend the continued investment of the title in the grantee, is shown, not only by the recitals in the deed, but by the averred conditions and circumstances surrounding the parties thereto at the time of its execution and delivery. Such a just and reasonable construction of the instrument, consistent with the circumstances of its execution and delivery, is the law of the case, and forbade the grantee therein to convey said lands to a third party and defeat the purpose of the grantors' conveyance. If the provision in question be not construed as a condition subsequent, then this father is at the mercy of a daughter in whom he unwisely reposed trust and confidence, as evidenced by his deed to her and by the circumstances culminating in this suit. The province of courts of equity is to protect innocent grantors in deeds of this kind from impositions ofttimes resulting from confidence and trust improvidently reposed.

[2] As to respondent bank and those holding under the grantee, they were sufficiently put on inquiry to be chargeable with full knowledge of the fact of the existence of such condition subsequent. It has been held sufficient notice or knowledge to a party in interest if the circumstance or fact is sufficient to excite attention and put him on guard and so call for inquiry; that this is notice of everything to which the inquiry would lead. Veitch v. Woodward Iron Co., 76 South. 124;[2] Carroll Merc. Co. v. Harrell, 74 South. 252;[3] Cole v. B. U. Ry. Co., 143 Ala. 427, 39 South. 403; Adler v. Van Kirk Land & Const. Co., 114 Ala. 551, 21 South. 490, 62 Am. St. Rep. 133; James v. James, 55 Ala. 525; Pepper v. George, 51 Ala. 194, and all the earlier authorities there collected. The deed in question, with its condition subsequent, duly recorded, gave notice to the bank of its contents. The purchaser of real properties is charged with notice of such recitals of conveyances in his chain of title. Veitch v. Woodward Iron Co., supra, 76 South. 125, 126,[2] and authorities; 1 Warvelle's Vendors (2d Ed.) § 262; 2 Devlin on Deeds (3d Ed.) p. 1367, § 738a.

[3] Respondent bank's demurrer of laches in the assertion of right by complainant is without force. The bill shows the complainant to be in the possession of the property, and at all times to have been so, both before and after the execution of the deed and at the time of the filing of the bill. Nothing therein indicates that the grantee in the conveyance asserted any right, title, or interest, adverse or otherwise, in and to the property in question. It is necessary that the assertion of adverse right be shown by the bill, as well as acquiescence in such adverse right, and possession by the complainant for a time which a court of equity would regard as unreasonable and to the prejudice of the adverse party, in order to establish laches in the party so acquiescing. Treadwell v. Torbert, 122 Ala. 300, 25 South. 216; M. L. Co. v. Lahey, 121 Ala. 131, 136, 25 South. 1006; Haney v. Legg, 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81; Ashurst v. Peck, 101 Ala. 499, 14 South. 541; Zeigler v. Zeigler, 180 Ala. 246, 60 South. 810; Veitch v. Woodward Iron Co., supra; Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85. See 5 Pom. Eq. Jur. 33 (6), and many authorities, to the effect that the party in possession of land who resorts to a court of equity to settle a question of title is not chargeable with laches, no matter how long the delay.

The decree of the circuit court sitting in equity was free from error and it is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.