JOHNSON v. CHAMBLEE. (6 Div. 861.)

(Supreme Court of Alabama. Feb. 6, 1919.)

CANCELLATION OF INSTRUMENTS ⊂⊃14—DEED IN CONSIDERATION OF SUPPORT—FRAUD.

Equity may grant relief by canceling the deed of an aged person who, in consideration of promise of support, has conveyed his property to promisor, on account of promisor's fraud in intending not to furnish support, and in failing to do so, whether consideration of support be considered a condition precedent or subsequent, or no condition, but as a mere covenant; the legal remedy being inadequate.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Suit by Robert Chamblee against H. E. Johnson. From decree overruling demurrer to the amended bill, respondent appeals. Affirmed.

This appeal is from a decree overruling a demurrer to an amended bill. The original bill was to cancel a deed conveying 50 acres of land, more or less, which was executed by

complainant to respondent. The bill alleges the main consideration for the deed to be that the grantee would provide and maintain a home and care for the grantor during the life of the latter. The grantor was an aged man, and was suffering from an affliction of cancer on his face. The members of his family having left or deserted him, he was left alone.

The equity of the bill is made to rest on two theories: One that of undue influence; the other, actual fraud which deceived the grantor to his prejudice, and which authorized him to rescind and to have the deed canceled.

The appellant contends the considerations for this deed, and others like it, are in a class to themselves sui generis, and cannot be canceled or annulled as for failure to perform; that the remedy of the grantor is on the undertaking in a court of law.

The trial court sustained the demurrer to the original bill upon the theory that the facts to show undue influence or fraud were not sufficiently alleged. The bill was thereafter amended by amplifying the averments as to both undue influence and fraud, and to the bill as amended the demurrer was overruled. No material facts were averred in the amended bill which were not averred in the original bill, though there is amplification by averring the quo modo by which it alleged the undue influence and fraud were effected.

It is proper to say that different judges passed on the sufficiency of the original and amended bill.

Emil Ahlrichs, of Cullman, for appellant.
F. E. St. John, of Cullman, for appellee.

MAYFIELD, J. The case made by the bill in this cause is no better than the case made by the bill in the case of Gardner v. Knight, 124 Ala. 273, 27 South. 298, in which it was decided that the bill was wholly without equity to cancel the deed, to specifically perform, or to enforce a vendor's lien, or to reform a deed.

The material facts in the two cases are of course not identical, but, for the purpose of giving equity to a bill, they may be treated as the same. If any difference, that difference was in favor of the equity of the bill in the case of Gardner v. Knight, 124 Ala. 273, 27 South. 298. There confidential relations were shown, the deed was from a very aged and blind father to his daughter, and the father was induced to convey by the daughter and her husband, who were the dominant parties to the conveyance, and he was to be cared for by his own folks, and not by strangers, as in this case, in which no such ties or relation are alleged. Undue influence and fraud were both alleged in that case, as in this, as having procured the deed, and there was no intention on the part of either the daughter or husband to perform at the time the deed was procured, and that the grantor would be homeless unless relief was given as prayed. Notwithstanding all these facts, this court held the bill to be without equity, and that it was properly dismissed, because incapable of being amended so as to give it equity. In that case it is said, among other things:

"Whatever was the intention of Knight and his wife in respect to providing for the grantor, etc., he received from the former his legal and binding obligation to provide for him; and this was the consideration for which he conveyed the land; this was what he stipulated for in the instrument itself. And whether this was an adequate or excessive consideration for the property was necessarily a matter of opinion. As W. A. Gardner received the obligation for which he contracted, the fact that the obligor did not intend to carry it out affords no ground for canceling the conveyance; the obligee had his plain and adequate remedy whereby to realize upon the obligation, whatever may have been the obligor's intention as to performance vel non. Nor did the false expression of opinion as to the adequacy of the consideration by Knight and his wife arm the grantor with the right to cancellation; it not appearing that he was without sufficient mental capacity to contract. * * *

"All the facts set forth in the bill are sufficiently pleaded in a sense, the objection to the bill is not that its statements of the facts relied on are insufficient, but that the facts themselves, however clearly and fully stated, cannot be made the basis of relief. In such case there is no occasion to put the respondents to a demurrer rather than a motion to dismiss for want of equity on the idea that the complainant should be allowed an opportunity to amend his bill."

This decision has never been overruled. It was followed in the case of Borroughs v. Borroughs, 164 Ala. 329, 50 South. 1025, 28 L. R. A. (N. S.) 607, 137 Am. St. Rep. 59, 20 Ann. Cas. 926, to the extent only of holding that a bill alleging similar facts would not authorize a bill to enforce a vendor's lien. It was cited in the case of Brindly v. Brindly, 197 Ala. 221, 72 South. 497. It was referred to, but distinguished, in the case of Seaboard v. Anniston Co., 186 Ala. 264, 279, 65 South. 187. The last-mentioned case, however, was not a case in which the grantor conveyed in consideration of support and maintenance during his life. The consideration of the conveyance there held to be on a condition subsequent was to construct a railroad on the premises.

It was also distinguished in the case of Bank of New Blocton v. McIntosh, 79 South. 121, L. R. A. 1918F, 353,[1] and many authorities reviewed. It was, however, a case very similar to the facts in Gardner v. Knight, 124 Ala. 273, 27 South. 253. The latter case was there distinguished, and not overruled, and relief was granted to the grantor by canceling the conveyance, though the grantor had executed a mortgage on the

premises before the filing of the bill to cancel. The relief was granted in the latter case upon the theory that the conveyance contained a condition subsequent, which was held not to be the case in Gardner v. Knight, 124 Ala. 273, 27 South. 298.

It was distinguished also in the case of Woodley v. Woodley, 79 South. 134.[2] There a father had conveyed to the son on condition to support, but not on consideration of support and maintenance, but for a part of the crops to be grown thereon, and mortgaged back to the grantor to secure the purchase price. This was held to constitute a condition subsequent, and to warrant relief by a cancellation of the conveyance. In this last case three of the justices dissented from the conclusions of the majority, and Justice McClellan wrote a dissenting opinion and reviewed the authorities in this and other states on the subject.

The case of Gardner v. Knight, 124 Ala. 273, 27 South. 298, has been comparatively recently followed by the Supreme Court of Mississippi, denying all equitable relief where the consideration of the conveyance was to support and maintain the grantor during his life. The Mississippi case may be found reported in Dixon v. Milling et al., 102 Miss. 449, 59 South. 804, 43 L. R. A. (N. S.) 916. In a note to this report is collected many, if not all, the authorities on this subject.

While there is a difference of opinion among the justices on this court as to when the consideration for a conveyance can be held to be a condition subsequent and when not, there is no difference of opinion that the facts in the case now under consideration do not make as strong a case for equitable relief as did the facts in the case of Gardner v. Knight, 124 Ala. 273, 27 South. 298.

After a careful re-examination of the case of Gardner v. Knight, 124 Ala. 273, 27 South. 298, we are of the opinion that it is grounded in error, and should be overruled in so far as it decided that a bill like the one there under consideration contained no equity to cancel and annul a deed, the execution of which was obtained in the manner recited in that bill.

There are two basic errors in the opinion. The first is in holding that the grantor in such cases has a complete and adequate remedy at law. He has a remedy at law, of course, but it is neither complete nor adequate.

One stripped of his home, and his all, by undue influence, deceit, and the fraud of another ought to have immediate and affirmative relief by a court of equity, by being restored as near as may be to his former condition, and given back his home. He ought not to be left to the cold charities of the world, and the fraud of his grantees, and remitted to an action at law to recover damages which may not be recovered until he is dead. Pecuniary damages cannot compensate a man or woman for his or her home and the care of those whom they love in their declining years.

Contracts of the kind here under consideration, and such as the one in Gardner v. Knight, 124 Ala. 273, 27 South. 298, are usually made by old and feeble people with their children, relatives, or friends, and with whom they desire to spend the remaining days of their life. The compensation the grantor is to receive is support, comfort, and happiness, and to be relieved of the care and responsibility of attending to the property. This cannot be estimated or valued in money. They convey away their property in consideration that their future necessities, in the last days of their life, are to be fully provided for. In such contracts there are elements of faith, hope, and confidence which are breached and abused, which courts of equity should relieve against, and refuse to be bound by technical rules of law. Such contracts are often prompted by necessity, and generally by confidence, and when one of the parties refuses to perform, and through deceit acquires the property of the other, he ought not to be allowed to retain the benefit when he refuses to bear the burden.

The consideration for the conveyance is not wholly pecuniary. Its monetary value cannot be easily ascertained; certainly not by a jury. The value of the land may be ascertained, but not the value of the consideration to be received by the grantor, nor of the services to be performed by the grantee or the third party. The nature and character of the services are such that a court cannot specifically enforce performance.

It is held by this court in the case of Burroughs v. Burroughs, 164 Ala. 329, 50 South. 1025, 28 L. R. A. (N. S.) 607, 137 Am. St. Rep. 59, 20 Ann. Cas. 926, that no vendor's lien arises or is enforceable, because no definite, ascertained, absolute debt, and the consideration is a mere uncertain and indefinite contingent demand.

This being true, it is difficult to see how an action in a court of law on the undertaking or covenant to support the grantor during life would be complete or adequate; and, if the grantee or covenantor be insolvent, then the action at law would be wholly worthless. Those who committed the fraud and the wrong upon the old, feeble, and confiding grantor can enjoy the fruits of their fraud, without having the burdens or responding in damages. Such a result ought not to be allowed or tolerated. The justice of the case ought to be the law of it.

The great number and weight of American and English authorities are against the holding of Gardner v. Knight, 124 Ala. 273, 27 South. 298, to the effect that equity will afford no relief of any kind in such cases. Cyc. states the law to be that on the failure of the grantee to perform the contract by supporting the grantor it is such failure of

[2] 201 Ala. 662.

the consideration as will authorize the grantor to rescind. 39 Cyc. 1366, 1367. If he has the right to rescind, of course, equity alone can cancel the deed. The great weight of authorities hold that equity will award relief in such cases not only because of inadequacy of remedies at law, but some on the ground that such contracts to support the grantor are a condition subsequent, and upon the failure of the grantee or convenantor to perform the contract can be rescinded by the grantor or his heirs, if breached during his lifetime, and the conveyance or contract canceled, and the parties restored to their original rights and conditions. It is unnecessary to review or cite them here. They are reviewed and cited in note in Dixon v. Milling, 102 Miss. 449, 59 South. 804, 43 L. R. A. (N. S.) 916, a Mississippi case, which followed the case of Gardner v. Knight, 124 Ala. 273, 27 South. 298. See report and note Dixon v. Milling, 102 Miss. 449, 59 South. 804, 43 L. R. A. (N. S.) 916.

The case of Gardner v. Knight, 124 Ala. 273, 27 South. 298, in our opinion, made a clear and typical case for equitable relief on account of fraud and undue influence. If the facts alleged in that bill were true, and they were so treated in the opinion, because the hearing, was on demurrer and motion to dismiss for want of equity, the grantor had a right to rescind the contract on account of the fraud and deceit of the grantee and her husband in making representations which were false, and were made knowingly with the intent to deceive, and with the intent of obtaining all the property of the grantor, and depriving him of all means of support.

Surely this was such fraud as would authorize the rescission, and, if so, surely the aid of a court of chancery was necessary to cancel the conveyance, and restore him to his property and his status quo ante. He could not bring ejectment, because he was in possession. He could not sue on the contract or obligation if he exercised his right to rescind. If he had no remedy in equity, he had none at all. Where there is a right, there is, or ought to be, a remedy. We have shown that, if he elects to stand on the contract, notwithstanding the fraud, his remedy at law is wholly inadequate and incomplete. If he rescinds on account of the fraud, a court of law could do no more than attempt to award damages, which are wholly uncertain and indefinite in amount. Damages or a mere right of action to recover them is not what the grantor parted with his title for. It was not money or its equivalent he contracted for. If the facts stated in that case, or the one in hand, be true, the grantor would probably be dead, or in the poorhouse, or some charitable institution before he could ever obtain a judgment or make the money thereon. Remedies at law in such cases are wholly inadequate. If a court of equity cannot relieve in such cases, it in effect means there is no remedy. We hold that the following principles are applicable to cases like the one under consideration and that of Gardner v. Knight: When a contract is void for fraud, it is void ab initio, and will not be allowed to stand as security to the grantee for advances he may have made or responsibilities he may have incurred. Borland v. Walker, 7 Ala. 269. As between the parties to a transaction, any advantage obtained by one party thereto by fraud renders it voidable at the election of the other, seasonably expressed. Chambers v. Crook, 42 Ala. 171, 94 Am. Dec. 637.

"In the country from which our ancestors came, and from which we took the substratum of our jurisprudence, it was once the law, and to a certain extent is yet, that a deed or writing under seal proved a consideration; and nothing could be averred against this. This in a court of law; but after a judgment in a court of law, the defendant could go to the other end of Westminster Hall, and on making out a case of fraud, want of consideration, etc., could obtain a perpetual injunction against any execution of the judgment at law; or, if the recovery was of land in ejectment, he might be quieted in the possession, and compel the plaintiff to deliver up his deed to be canceled. The system and principles of the equity courts are very complete. Fraud in both courts, if by their practice it can be reached, vitiates every contract; but in many cases relief is only to be had in chancery. It investigates and relieves against misrepresentation, against contracts obtained by reason of any undue advantage, of the breach of confidence, of mistake under which one party labored, and against contracts which could never have been made, unless both parties had been greatly mistaken, or, in other words, against contracts honestly made on a mistake of one or both, and which, on discovering the whole facts, it is against common justice to attempt to enforce. The law and the cases on this subject are collected" in Judge Story's Treatise on Equity, "and will be found" on pages 127–149. Bishop v. Reed, 3 Watts & S. (Pa.) 264.

To obtain a warranty deed to all the property an old and feeble person has, under the false and fraudulent promise to give him a home and care for him, when the promisor has no intention of fulfilling his promises, and then refusing to make good the promises, is certainly a fraud of the very worst type, against which there ought to be equitable relief. If equity can ever do any good, here does seem to be the opportunity.

While it is true that fraud alone does not give equity jurisdiction, yet it is far from being the rule that equity never relieves against fraud; it always does so unless an action at law can and will give complete and adequate relief.

The rule in this state is probably best stated in the case of Smith v. Cockrell, 66 Ala. 78, which is the leading case on the subject. Stone, J., there says, among other things:

"That courts of equity adjudicate and relieve against fraud cannot be doubted. Nor can it be questioned that courts of law hear and deter-

mine controversies in which fraud vel non is the controlling inquiry. Each court, in such cases, hears evidence, and finally determines the issue, according to its own form of proceeding; but the character and measure of proof and the effect of the judgment in determining the controversy are substantially the same. Story's Eq. §§ 59, 184. 'In a great variety of cases, fraud is remediable, and effectually remediable, at law.' Id. § 184. What we mean to affirm is that, while fraud, when raised in a cause, is alike cognizable in either forum, it cannot, unaided, be the ground or foundation of a bill in chancery in any case.

"Courts of law, and courts of equity, by reason of their several organisms, have very different powers of relief. The one is bound down by fixed rules, and can generally do nothing more than award a general judgment for plaintiff or defendant, and enforce it by execution against the property of the unsuccessful litigant. The other can mold and qualify the relief it grants; can grant it in part, or upon condition; can act on the person, and compel or restrain action, and, by attachment and imprisonment of the person, coerce obedience to its orders. The one acts only on legal titles presented, and pronounces them valid or invalid. The other creates, removes, or destroys legal titles, when such remedial powers are necessary for the maintenance and protection of ascertained equities. Now, it is not the question of fraud which gives the chancery court its jurisdiction in such cases. It is the character of relief which the exigencies of the case call for. If, when the alleged fraud is proved and found, all the plaintiff can claim follows as a legal consequence, then he has a complete and adequate remedy at law, and there is no use for the powers of the chancery court. In such case, if there be nothing more in the transaction, the court of chancery has no jurisdiction. If, on the other hand, something more be required, after ascertaining the fraud, to put the plaintiff into full possession and enjoyment of his rights, then the powers of the chancery court may be successfully invoked."

It is perfectly evident that in the class of cases under consideration, if the vendor rescinds or if he does not rescind, the remedies at law would be wholly inadequate. Courts of law could never remove the cloud from his title in the one case, or adequately compensate him in the other.

This court has held that equity would relieve against actual fraud where the grantor conveyed in consideration that the grantee would reconvey or bequeath to the grantor or his heirs; the grantee not intending so to do when he received the conveyance. Manning v. Pippin, 95 Ala. 537, 11 South, 56; s. c., 86 Ala. 357, 5 South. 572, 11 Am. St. Rep. 46. See, also, Davis v. State, 131 Ala. 357, 31 South. 569.

In the first appeal this court, speaking through Stone, C. J., said:

"If we treat the alleged promise of Mrs. Hanning as simply a contract to receive and hold the land, in express trust to compensate the grantor by making the averred compensatory will, then such promise would be inoperative

202 ALA.—34

under the statute of frauds. Patton v. Beecher, 62 Ala. 579; White v. Farley, 81 Ala. 563 [8 South. 215].

"The amended bill presents a different question. If there was a fraudulent intent in obtaining the deed, without intention to make the will, and pursuant to it the will was not made, then the question of the statute of frauds becomes immaterial. The fraud will vitiate the transaction, and remit the complainant to the rights he had before the execution of the deed. And the conduct of the wife after the execution of the deed may be looked to as aids in determining what her intention was when she obtained the deed. Equity, in such case, and to accomplish its ends, declares the grantee to be a trustee ex maleficio, and devests the title for the fraud in acquiring it. White v. Farley, supra; 1 Pom. Eq. § 430; 2 Pom. Eq. §§ 807, 1053, et seq."

It was also decided by this court in a very early decision, Kennedy v. Kennedy, 2 Ala. 571, that:

"Where an absolute deed, expressing upon its face a monied consideration, was shown by extrinsic proof to have been made upon a promise by the grantee to the grantor that he would hold or dispose of the property conveyed for the use of the heirs of the grantor, which promise he refused to perform, held that the measure of the relief to which the heirs were entitled in equity was the cancellation of the deed, and this result could not be avoided by the grantee's offering to pay the consideration expressed in it."

So it was recently decided by this court that a deed by an old man to a young lady in consideration that she would be married to him was void on account of fraud, if at the time the young lady had no intention of performing her promise.

After he acquired possession surely he, or his heirs after his death, could maintain a bill to quiet title and remove the cloud therefrom. Surely equity could relieve to this extent, of removing the cloud from title, and determine the rights of the parties thereto. See Clarkson v. Pruett, 201 Ala. 632, 79 South. 194.

Surely the fraud in the above cases was no greater and of no worse consequence than in the case of Gardner v. Knight, 124 Ala. 273, 27 South. 298. It was certainly all fraud of the same nature and character; and if equity could give relief in one case, we see no reason why not in the other.

While it is usually true that fraud relates to existing or past facts, yet the intention not to perform a promise made to do something in the future is a false token whereby fraud is effected. See Clarkson v. Pruett, 201 Ala. 632, 79 South. 194; sections 4298 and 4299 of the Code.

In B. W. & E. Co. v. E. L. Co., 93 Ala. 549, 9 South. 235, it is said:

"A promise, strictly speaking, is not a representation. The failure to make it good may give a cause of action, but it is not a false representation, which will authorize the rescission of a contract. * * * The making of a promise,

and having no intention at the time of performing it, constitutes a fraud for which a contract may be rescinded."

In cases like the one now under consideration, and like Gardner v. Knight, 124 Ala. 273, 27 South. 298, equity may grant relief on account of the fraud, whether the consideration to support and maintain the grantor be considered as a condition precedent or subsequent, or no condition, just a mere covenant or undertaking.

It results that the case of Gardner v. Knight, 124 Ala, 273, 27 South. 298, in so far as it holds that no relief in equity can be had by way of cancellation of the conveyance so obtained by such fraud, is erroneous, and is hereby expressly overruled.

It also results that there was no error in overruling the demurrer to the amended bill, and the decree of the trial judge is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.