(94 South. 131)

**MOONEY v. MOONEY. (7 Div. 275.)**

(Supreme Court of Alabama. Oct. 26, 1922.)

Cancellation of instruments ⬥⇒15—Equity will intervene to cancel deed by aged grantor where grantee fails and refuses to perform his obligation.

A conveyance by an aged grantor in consideration that the grantee look after and care for the grantor during his life calls for personal acts and services, and for continuous and indivisible elements of trust, personal care, labor, and support, and relief in equity will be granted by canceling the conveyances when the grantee does not perform his part of the agreement, as numerous and continued suits for damages could afford no substantial relief, and would be inadequate.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by Hannah C. Mooney against R. C. Mooney, to cancel a deed. From a decree for complainant, defendant appeals. Affirmed.

Isbell & Scott, of Ft. Payne, for appellant.

The court erred in decreeing that the deed be canceled. 124 Ala. 273, 27 South. 298; 201 Ala. 11, 75 South. 302; 202 Ala. 43, 79 South. 381; 201 Ala. 190, 77 South. 716.

C. A. Wolfes, of Ft. Payne, for appellee.

Where a deed of gift is executed under a total misapprehension, even in the absence of fraud, it will be annulled by a court of equity. 206 Ala. 145, 89 South. 388. Conveyances made under such circumstances as this are not absolute, and the property conveyed may be divested from the grantee, and revested in the grantor, upon breach of the condition subsequent. 201 Ala. 649, 79 South. 121, L. R. A. 1918F, 353; 202 Ala. 525, 81 South. 27; 197 Ala. 221, 72 South. 497; 201 Ala. 662, 79 South. 134.

MILLER, J. The complainant, Hannah C. Mooney, appellee here, seeks to have canceled and declared void by bill in equity a warranty deed made and executed by her to R. C. Mooney, her son, the defendant and appellant, first, because the deed was secured by undue influence; second, because the deed was secured through fraud or mistake, as it was executed by her as a will when it was

a deed; and, third, because the consideration of the instrument was $1 cash and "the further consideration that the party of the second part [R. C. Mooney] is to look after and care for the party of the first part [Hannah C. Mooney] during her lifetime and the party of the first part expressly reserves the right to control and use the property herein deeded during her lifetime and the right to use the same for her support and comfort during her lifetime," and this consideration has not been carried out by the defendant; he has not cared for or looked after her; that he has control and possession of the land, and denies her the right to control and use it, and has paid her no rent for it.

There was decree granting complainant relief, declaring the deed annulled, directing that it be canceled on the records where recorded, and taxing the defendant with the court cost. From this decree the defendant appeals, and it is assigned as error.

Hannah C. Mooney is a widow. Her husband died in 1915, a resident of this state. This 87 acres of land involved in this suit was their homestead. It was all the land he owned. After his death, by decree of the probate court of De Kalb county it was set apart to her as a homestead, exempt from the administration of his estate; and under the law and admitted facts by the parties the title to it vested in her absolutely. After it was set apart to her as exempt this deed in question was executed on August 21, 1916. She was 76 years old when this bill was filed in April, 1921, and she was feeble and old when the deed was made. She has three sons; the defendant is the youngest, and his age is now 37; he is strong and in good health.

This instrument has one subscribing witness, and is acknowledged by complainant before a judge of probate in the form provided for deeds. It conveys the land to the defendant, and in its very body, as part of and the real consideration of the deed, is an agreement by defendant "to look after and care for" the complainant "during her lifetime"; and complainant expressly reserved in writing in the deed "the right to control and use the property herein deeded during her lifetime and the right to use same for her support and comfort during her lifetime." The land was to belong to the defendant, subject to her life interest reserved in it. It conveyed really to the defendant a reversionary interest in the land, and reserved in her a life interest in it. This instrument is in fact a warranty deed; and almost the entire evidence indicates it was the intention of the parties for it to be a deed. The complainant testified this was the consideration and agreement for the execution of the instrument. The complainant executed and the defendant accepted this instrument under those written

terms and written agreement in its body, and filed it for record. The great weight of the evidence, oral and written, shows defendant agreed to look after and care for her during her life in consideration of her executing the instrument, and this he has failed to do; and that she was to have the control and use of the property for her support and comfort during her life. She has not the possession and control of the property. He has possession and control of the property, "intends to stay on the place," pays her no rent, and does not look after, care for, and support her.

To look after and care for the complainant during her life, as the contract provides, calls for personal acts and services; such a contract cannot be performed by another without the consent of the person to be served. It calls for continuous and indivisible elements of trust, personal care, labor, and support. The legal remedy for various breaches of it by numerous and continued suits for the damages could afford no substantial relief to complainant, and would be inadequate. This court has held that relief in equity can be obtained and relief granted under contracts and conveyances of this kind, when based on an agreement to care for and support the grantor during life, by canceling the contract between the parties and annulling the conveyance of the property to the grantee, when the grantee does not perform his part of the agreement. This principle of law is supported and sustained by Russell v. Carver (Ala. Sup.) 94 South. 128,[1] and Ballenger v. Ballenger (Ala. Sup.) 94 South. 127.[2] The grantee in this conveyance, the defendant in this cause, has not performed his part of the agreement but he has breached it so often and so long that it appears he will never perform it as he should under its terms and spirit, and it should be annulled. Under the facts found by the court from the evidence, as hereinbefore stated, and under the law declared in those two cases cited supra, in manuscript, this conveyance, executed by complainant to the defendant, should be canceled and annulled.

We find no error in the decree rendered canceling and annulling it, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.