(104 So. 751)

### HANNAH et al. v. CULPEPPER. (8 Div. 653.)

(Supreme Court of Alabama. June 11, 1925.)

**1. Deeds ⬤⟿19—Equity will intervene to cancel deed by aged grantor, where grantee fails and refuses to perform his obligation.**

Conveyances of property by aged persons in consideration of promised support and maintenance are contracts for performance of personal services, which equity will intervene to cancel, when grantee fails or refuses to perform his obligation.

**2. Deeds ⬤⟿19—Equity will declare and enforce forfeiture of estate conveyed, if condition has been substantially breached.**

Where title to land was vested in grantor's son subject to divestiture by failure of son to support and care for grantors during remainder of their lives, in absence of laches or waiver of forfeiture by grantors, court of equity will declare and enforce forfeiture of estate, if condition had been substantially breached.

**3. Deeds ⬤⟿166—When condition in deed waived or forfeiture saved stated.**

A condition in a deed may be waived or a forfeiture saved not only by express agreement, but also by acts showing intention to continue estate in grantee, or voluntarily to forego benefits of condition, especially where grantor's declarations, conduct, or failure to act have been at variance or inconsistent with his right to enforce a forfeiture, or have so continued for a long period of time, but no waiver is occasioned by mere indulgence, silent acquiescence, or parol assent, especially where it does not appear that grantee understood that there was a waiver, or that he relied thereon in proceeding to do act claimed to operate as a forfeiture.

**4. Deeds ⬤⟿166—Parent, suing to cancel conditional deed to son, held not to have waived right to claim forfeiture against son's widow and heirs.**

Parent, suing to cancel a conditional deed to his son, *held* not to have waived right to claim forfeiture against son's widow and heirs, where breach of condition was final and ir-

remediable on death of son, and it did not appear that his heirs and widow had suffered any disadvantage by parents' continued recognition of their title, and his forbearance to promptly claim forfeiture.

**5. Cancellation of instruments ⬤⟿34(1)—Laches not imputed to grantor for delay in having deed canceled by judicial decree.**

Where possession of property conditionally deeded to son by parent was actually shared by grantor with widow and heirs of son, laches would not be imputed to grantor because of his delay in asserting right to make a technical re-entry, and to have deed canceled by judicial decree.

**6. Deeds ⬤⟿166—Delay of less than period of limitations will not bar grantor's right of entry.**

Where a grantor's delay in entering to enforce a forfeiture in conveyance is not aggravated by any element of estoppel, a delay of less than period of limitations at law will not bar his right of entry.

**7. Equity ⬤⟿87(2)—Parent, conditionally deeding land to son, not denied right to enforce forfeiture by laches.**

By analogy to 10-year statute of limitations, laches will not bar parent, conditionally deeding land to his son, from enforcing forfeiture, where breach occurred and fulfillment of condition became legally impossible on death of son less than eight years before suit.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by J. L. Culpepper against Louie Hannah and others to cancel a conveyance to real property. Decree for complainant, and respondents appeal. Affirmed.

Proctor & Snodgrass, of Scottsboro, for appellants.

The right to rescind may be waived by the party in whom it resides. Complainant here waived his right. Walling v. Thomas, 133 Ala. 426, 31 So. 982; Lockwood v. Fitts, 90 Ala. 150, 7 So. 467; 13 Cyc. 591; 6 Cyc. 297.

Milo Moody, of Scottsboro, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] It is now the settled rule in this state that conveyances of property by aged persons, in consideration of promised support and maintenance, are peculiar in their character and incidents; being contracts for the performance of personal services, and that equity will intervene to cancel such a conveyance, when the grantee fails or refuses to perform his obligation. Russell v. Carver, 208 Ala. 219, 94 So. 128; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Mooney v. Mooney, 208 Ala. 287, 94 So. 131. The bill of complaint sufficiently states a case for relief under this principle, and the demurrer was properly overruled.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In the instant case the complainant had conveyed 40 acres of land to each of his four adult children by deeds of gift. He then conveyed his last 40 acres, the homestead tract, upon which he and his wife lived, to his son, K. E. Culpepper, by warranty deed, for the recited consideration of $5. This conveyance was made on October 30, 1912, and, as very satisfactorily established by the evidence, contemporaneously therewith K. E. Culpepper executed a written agreement as follows:

"J. L. Culpepper and Mary Culpepper agree to deed to K. E. Culpepper 40 acres of land as follows: N. W. ¼ of N. E. ¼, Sec. 22, Tp. 6, R. 6, located in Jackson county to support and care for us as long as we live, if K. E. Culpepper fails to do so comply with this contract it makes the deed null and void."

[2] Construing the deed and agreement together, it results that the title to the land was vested in the son, K. E. Culpepper, subject to divestiture by condition subsequent, viz., by the failure of the son to support and care for his parents, the grantors, during the remainder of their lives. In the absence of laches or waiver of the forfeiture by the grantor, a court of equity will declare and enforce the forfeiture of the estate, if the condition has been substantially breached. First Nat. Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L. R. A. 1918F, 353.

The evidence shows that, at the time the deed was executed to him by complainant, the son, K. E. Culpepper, had not completed his medical education, and was not earning a support even for his own wife and children; and that it was not contemplated that he would be able to support, or aid, his parents for several years at least. Nevertheless, he built a new house on the tract in question and moved into it, and his parents lived in the house with the son and his family, and they all cultivated and shared the crops in common. It further appears that he never did in fact help to maintain his parents, but continued to receive help from his father until his own death in September, 1915; and that, after that event, his widow and children continued to reside on the place in the same house with the parents, as formerly. Complainant assessed the land—this 40 acres, and the other forty previously deeded to the son—to the son's widow after the son's death, down to the year 1923. According to complainant's testimony, he paid every year one half of the taxes, and the son's widow paid the other half. This is disputed by the widow, who claims to have furnished all the money paid for taxes. Complainant was appointed as administrator of the deceased son's estate, and in July, 1919, he reported this 40 acres as the property of the son, and that the estate was insolvent, whereupon commissioners were appointed and this land was duly set apart to the widow and minor children as their homestead exemption. Soon

thereafter the widow married one Robert Hannah, and, shortly following that event, disagreements arose between the old people and the Hannahs, and the former moved out of the new house and lived in another house near by. The final result was the institution of this suit in July, 1923.

The respondents deny complainant's right to relief, upon three distinct grounds: (1) Because, as alleged, some time after K. E. Culpepper's death, complainant and his wife executed to the respondents a deed conveying to them this land; (2) because complainant waived his right to claim a forfeiture, by consistently recognizing the respondent widow as the owner of the land down to the filing of this suit, and treating it as her property; and (3) by laches, involving a delay of nearly eight years in the assertion of his claim.

[3] (1) Notwithstanding the affirmative testimony of a number of witnesses to the existence of the alleged deed, we are not reasonably satisfied thereof, and must reject their testimony as either willfully false, or innocently mistaken. The verities of the case are strongly against them.

(2) "A condition may * * * be waived, or a forfeiture saved, not only by express agreement, but also by acts showing an intention to continue the estate in the grantee, or voluntarily to forego the benefits of the condition, especially where the grantor's declarations, conduct, or failure to act, when he ought to act have been at variance or inconsistent with his right to enforce a forfeiture, or have so continued for a long period of time." 18 Corp. Jur. 377, § 430. But "no waiver is occasioned by a mere indulgence, mere silent acquiescence, or mere parol assent, especially where it does not appear that the grantee understood that there was a waiver, or that he relied thereon in proceeding to do the act claimed to operate as a forfeiture." 18 Corp. Jur. 378, § 432. However, "a waiver may result from a failure to demand performance, or to enter for condition broken, or where the grantor, although he is entitled to a reasonable time after the breach to claim a forfeiture, does not make such claim for several years, or neglects for many years to bring an action to enforce the agreement." 18 Corp. Jur. 378, § 434.

An examination of the numerous cases, cited in support of these texts, shows that in practically all of them there was some element of estoppel, which rendered the subsequent claim of forfeiture inequitable, either conduct which indicated noninsistence upon the condition, and induced its nonperformance, or else a claim or retention of some benefit or advantage accruing from the transaction to the grantor, or the imposition of some burden or disadvantage upon the grantee, inconsistent with the rescission of the contract.

Counsel for appellants cite in their brief a number of cases illustrating the doctrine of waiver; but all of them involve the free

choice of the injured party to hold the other party bound by the contract, notwithstanding his own right, because of fraud or breach by the other, to have complete rescission.

[4] In the instant case, the breach of the condition was final and irremediable upon, and by reason of, the death of the grantee contractor. Frazier v. Frazier, 211 Ala. 176, 100 So. 118. Thereafter, there could not arise any question of election by the grantor to stand upon the contract, for he had no election in the matter. Nor was it possible for the grantee to be misled by the grantor's failure to execute the forfeiture—he being dead. And, so far as the grantee's successors in estate are concerned, it does not appear that they have suffered any disadvantage of any kind whatsoever by reason of the grantor's continued recognition of their title, and his forbearance to promptly claim the forfeiture—conduct which was obviously the fruit of parental affection forbidding harsh or hasty action against the widow and little children of his deceased son. Such indulgence, benefiting and not injuring them, ought not to work a waiver of his right to claim the forfeiture when, under changed conditions, joint occupation of the premises was no longer mutually agreeable.

We can find in the evidence no element of estoppel nor election, nor of advantage gained or disadvantage imposed, which should now be a bar to the assertion of complainant's rights in the premises.

[5] (3) Technically, by virtue of the deed of gift, the possession of this land was in the holder of the legal title, first in K. E. Culpepper, and after his death in his widow and heirs. Actually, however, the possession was shared by the grantor, this complainant, and laches will not be imputed to him because of his delay in asserting his right to make a technical re-entry, and to have the deed canceled by judicial decree. First Nat. Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L. R. A. 1918F, 353.

[6, 7] Moreover, where a grantor's delay in entering to enforce a forfeiture is not aggravated by any element of estoppel, a delay of less than the period of limitations at law will not bar his right of entry. Bredell v. Kerr, 242 Mo. 317, 337, 147 S. W. 105. There being no element of estoppel in this case, a court of equity will not deny relief as for laches unless, by analogy to the statute of limitations at law, the breach of the condition and the accrual of the right of cancellation has been followed by a delay of 10 years in seeking relief. Here the breach accrued, and fulfillment of the condition became legally impossible, upon the death of the grantee, K. E. Culpepper, in September, 1915, since which event less than eight years have elapsed.

Our conclusion is that the decree of the circuit court is correct, and it will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.