(113 So. 313)

**THOMPSON et al. v. LEE.** (1 Div. 452.)

Supreme Court of Alabama. June 9, 1927.

Rehearing Denied June 30, 1927.

1. Deeds ⬤⟾212—In suit to cancel deed, evidence held not to prove that grantees broke agreement to support grantor.

In suit to cancel deed for alleged breach of agreement that the grantees should support and provide a home for the grantor, evidence *held* not to show that grantees broke the agreement.

2. Deeds ⬤⟾19—Where grantor, living with grantees under agreement to provide home, continued to live with them after alleged assault, agreement held not breached sufficiently to justify canceling deed.

Where grantor, living with grantees under an agreement that the grantees should provide a home for and support the grantor, continued to live with them after alleged assault, *held* that, if such assault occurred, it had been condoned, and should not be treated as of sufficient seriousness to constitute such a breach as would justify canceling the deed.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill in equity by Lethia Lee against Bell Thompson and another. From the decree, defendants appeal. Reversed and rendered.

Outlaw, Kilborn & Smith, of Mobile, for appellants.

The mere fact that the grantor experienced a change of feeling toward the grantees is not enough to justify a decree canceling the deed. Hassell v. Hassell, 201 Ala. 190, 77 So. 716. The relations of friendship and social regard are not alone sufficient to stamp a contract with suspicion. Frederic v. Wilkins, 182 Ala. 343, 62 So. 518.

Harry T. Smith & Caffey, of Mobile, for appellee.

Where the grantee is active in procuring the conveyance, a presumption of undue influence is raised, and casts on the grantee the burden of showing the transaction was in every respect fair and equitable. Keeble v. Underwood, 193 Ala. 582, 69 So. 473; Scarbrough v. Scarbrough, 185 Ala. 468, 64 So. 105; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St. Rep. 904. The contract not having been carried out as it should have been, equity assumes jurisdiction to cancel the deed given for a consideration that has not been provided according to the agreement. Russell v. Carver, 208 Ala. 219, 94 So. 128; Morrow v. Morrow, 213 Ala. 131, 104 So. 393; Mooney v. Mooney, 208 Ala. 287, 94 So. 131; Hyman v. Langston, 213 Ala. 685; 105 So. 889; Id., 210 Ala. 509, 98 So. 564.

PER CURIAM. The appeal is from a final decree canceling a deed executed by Lethia Lee to Bell and Henry Thompson to the grantor's home in Mobile, of the value of $1,500.

The grantor was an aged negro, a widow, and the grantees (also negroes) were her friends of many years. The consideration of the deed was the agreement on the part of the grantees to support the grantor and provide for her a home during the remainder of her life. The matter was much discussed, and very deliberately entered into, by all parties. Conferences were held in the office of the attorney who prepared the deed and the written agreement, all of which was carefully explained to the grantor. This was in August, 1922. It very clearly appears there was neither fraud nor undue influence, and that the decree could not be rested upon those grounds.

The principal reliance for relief is based upon the alleged breach of the agreement to support. Morrow v. Morrow, 213 Ala. 131, 104 So. 393; Hannah v. Culpepper, 213 Ala. 319, 104 So. 751; Russell v. Carver, 208 Ala. 219, 94 So. 128; Mooney v. Mooney, 208 Ala. 287, 94 So. 131; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127. It may be well here to note that the transaction here involved antedates the present Code, and that section 8046, Code of 1923, is without application to the instant case.

[1, 2] The case turns upon a question of fact. The testimony was taken by deposition, and not orally before the court. The evidence is not voluminous, and has been carefully studied and considered by the court in consultation. A detailed discussion of the evidence would serve no useful purpose. We will rest content with a general statement of our conclusions. We are persuaded complainant was sufficiently provided with food and clothing, nor do we find that she was intentionally discomforted or suffered any serious inconvenience on account of defendants' keeping the keys to the house. The most serious complaint relates to the occasion, just a short time prior to the filing of this bill,

when complainant insists defendant Bell Thompson struck her in the face and kicked her. This is vigorously denied by Bell, and she offers corroborative proof of her good treatment of complainant.

We are of the opinion, however, even conceding such reprehensible conduct on Bell Thompson's part on that occasion is sufficiently sustained, that complainant did not regard the matter as of so serious a nature as to constitute an abrogation of the contract. She consulted an attorney in company with her employer, and the bill was filed in September, 1923. She continued to live with defendants all the while, just as she had done the preceding year, and was so living with them during the progress of the trial, and on one occasion seems to have manifested a willingness that the case be dropped. She testified as to her high regard for · Bell Thompson. To use her language while testifying: "I loved her, and love her yet." She continued to thus receive the support agreed to be given her until June, 1925, when she voluntarily moved off with a relative, and remained until the latter part of November, 1925, when she voluntarily moved back in the house and again continued to receive defendants' support.

We therefore conclude that, if such misconduct occurred on the occasion complained of, it has long since been condoned by complainant, and not treated and regarded by her as of sufficient seriousness to constitute such a breach of the agreement justifying its cancellation, and that of the deed for which the agreement was the consideration. Hannah v. Culpepper, 213 Ala. 319, 104 So. 751. Upon due consideration, therefore, the court entertains the view that the transaction should not be set aside, and that complainant should be denied relief.

The decree will accordingly be reversed, and one here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, GARDNER, BOULDIN, and BROWN, JJ., concur.