(134 So. 865)

## WOODS et al. v. WRIGHT.

### 7 Div. 15.

Supreme Court of Alabama.

May 28, 1931.

Young & Longshore, of Anniston, for appellants.

Blackmon & Carter, of Anniston, for appellee.

BROWN, J.

The bill in this case was filed by the appellee against the appellants to set aside two

deeds made by her to her daughters, conveying to each certain interests in two separate tracts or parcels of land, on the ground that the execution of said deeds was procured by her said daughters, by fraud or through the exercise of undue influence.

The deeds were executed and delivered on the 11th day of January, 1917, on a recited consideration of "the sum of one dollar to me in hand paid * * * the receipt whereof is hereby acknowledged, and for divers other good and *valuable* consideration to me herein moving." (Italics supplied.)

The bill was filed on the 29th of April, 1930, after the death of one of the grantees in March, 1922, and more than thirteen years after the execution of said deeds.

While the bill alleges fraud in general terms, it also alleges that "said deeds were made in consideration of an agreement between complainant and the said respondents, Nebraska Woods and Georgia V. Cochran, that they would support the grantor during the remainder of her life," without alleging that said agreement to support the grantor was entered into with the fraudulent purpose on the part of the grantees not to comply therewith, and that the same has not been kept.

The bill also avers that "the deeds were procured by coercion and undue influence, fraudulently exerted over her by the said Georgia V. Cochran and Nebraska Woods," etc.

While the bill avers that the complainant was suffering from an illness at the time the deeds were executed, so far as appears, it was temporary, and nothing is alleged to excuse the laches which appears on the face of the bill.

■ The deeds sought to be canceled were executed prior to the adoption of the Code of 1923, in which section 8046 first appeared as part of the law of the state, and the equity of the bill and the sufficiency of its averments must be determined, without regard to the provisions of that section. Thompson v. Lee, 216 Ala. 493, 113 So. 313; Cox v. Hutto, 216 Ala. 232, 113 So. 40.

■ The principles applicable were fully stated in Johnson v. Chamblee, 202 Ala. 525, 81 So. 27; that is, "equity may grant relief by canceling the deed of an aged person who, in consideration of promise of support, has conveyed his property to promisor, on account of *promisor's fraud in intending not to furnish support, and in failing to do so,* whether consideration of support be considered a condition precedent or subsequent, or no condition, but as a mere covenant; the legal remedy being inadequate." (Italics supplied.)

■ Another familiar doctrine applicable to the case presented on the record is that nothing can call into activity the powers of a court of equity except conscience, good faith, and a reasonable diligence. Where these are wanting, the court is passive and will leave the parties where it finds them. 10 R. C. L. 395, § 142; Gordon's Adm'r v. Ross and Wife, 63 Ala. 363.

■ Laches, where it appears on the face of the bill, goes to the foundation of the complainant's right to relief, and may be invoked by demurrer to the bill. Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630; Lovelace v. Hutchinson, 106 Ala. 417, 17 So. 623.

■ The delay on the part of the complainant for more than thirteen years, in view of the death of one of the parties to the transaction who is charged with participating in the fraud, in the absence of facts sufficient to excuse more prompt action, is sufficient to bar the complainant's right to relief. Johnson v. Johnson, 5 Ala. 90; Askew v. Hooper, 28 Ala. 634; Rives v. Morris, 108 Ala. 527, 18 So. 743; Manning v. Pippen, 95 Ala. 537, 11 So. 56; Richter v. Noll et al., 128 Ala. 198, 30 So. 740; Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85; Sanders v. Askew, 79 Ala. 433; Howle v. North Birmingham Land Co., 95 Ala. 389, 11 So. 15; Robinson et al. v. Pierce et al., 118 Ala. 301, 24 So. 984, 45 L. R. A. 66, 72 Am. St. Rep. 160; Underhill, Receiver, v. Mobile Fire Dept. Ins. Co., 67 Ala. 45.

We deem it unnecessary to treat the sufficiency of the averments to show undue influence, and content ourselves with the citation of the cases. Alexander v. Gibson et al., 176 Ala. 258, 57 So. 760; Strickland et al. v. Strickland, 206 Ala. 452, 90 So. 345.

■ There is nothing in the averments of the bill to show that M. C. Woods has any interest in the property, or was in any way connected with the matters complained of; he is not a proper party to the bill.

Grounds of demurrer 8, 10, 18, and 21, of the respondents M. C. Woods, Nebraska Woods, Jessie Cochran, Charlie Mange, and Essie V. Mange, and grounds 7, 8, 9, 10, 16, 20, and 21 of the guardian ad litem are well taken, and the decree of the circuit court will be reversed, and a decree here rendered sustaining the demurrers and remanding the cause, with leave to the complainant to amend the bill as she may be advised within twenty days from the filing of the mandate of this court with the register.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.