165 So. 229

**LEWIS v. OWEN et al.**

**4 Div. 858.**

Supreme Court of Alabama.

Nov. 14, 1935.

Rehearing Denied Dec. 12, 1935.

Further Rehearing Denied Jan. 30, 1936.

E. C. Boswell, of Geneva, for appellant.

G. A. Ward, of Geneva, and Jack Thorington, of Montgomery, for appellees.

THOMAS, Justice.

The bill was for cancellation of conveyances exhibited. Demurrers being sustained, the bill was amended, and the original grounds of demurrer refiled to the bill as amended were sustained. And the bill as amended was dismissed.

The demurrer of the Phœnix Mutual Life Insurance Company assigned as grounds, among others, that the bill as amended shows that complainant was guilty of laches, and that the rule of prescription prevented a recovery.

The conveyance from complainant, M. A. Lewis, to M. E. and L. V. Owen, of date of November 6, 1908 (before the statute, section 8046, Code, was adopted), contained the following provisions:

"Know All Men by These Presents: That I, M. A. Lewis, for and in consideration of One ($1.00) Dollar, and love and affection I have for my son-in-law and daughter to —— in hand paid by M. E. Owen and L. V. Owen to me in hand paid One Dollar by M. E. Owen ——, the receipt whereof I do hereby acknowledge, do hereby bargain, grant, sell and enfeoff and confirm and convey unto the said M. E. Owen & L. V. Owen, the following described real estate (describing the property).

"But it is understood that the said M. E. Owen and wife, L. V. Owen is (are) to take care of the said M. A. Lewis during her natural life."

That conveyance was duly recorded and carried notice of its conditions to subsequent purchasers or mortgagees, etc. Planters' Warehouse & Commission Co. v. Barnes et al., 229 Ala. 572, 159 So. 63; First Nat. Bank of Eutaw v. Barnes et al., 229 Ala. 612, 614, 159 So. 68; Wittmeir v. Leonard et al., 219 Ala. 314, 122 So. 330; Guaranty Sav. Bldg. & Loan Ass'n v. Russell, 221 Ala. 32, 127 So. 186.

The averments of the bill as amended are aided by the exhibits (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90); showed notice of the terms and conditions of the conveyance in question that "run with the land" (Patterson v. Atlantic Coast Line R. Co., 202 Ala. 583, 81 So. 85, 92), and were sufficient to put subsequent purchasers to a due inquiry (First Nat. Bank of Eutaw v. Barnes, supra; Wittmeir v. Leonard et al., supra; Veitch et al. v. Woodward Iron Co., 200 Ala. 358, 76 So. 124).

As affecting bills of this nature, the observation is made in Hunter v. Watters, 226 Ala. 175, 145 So. 472, 474 (subsequent to the adoption of the statute, section 8046, Code), that recent cases are to the effect that "for fraud in the procurement of the conveyance, or for a failure to comply with its terms and conditions, either precedent or subsequent, a conveyance founded upon love and affection, support and maintenance, etc., may be annulled for a breach thereof."

In First Nat. Bank of New Brockton v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A. 1918F, 353 (a case before the statute, section 8046, Code, was adopted), this court observed that a court of equity looks with favor on the protection of a grantor conveying property to a trusted person in consideration of the promise of support and maintenance during declining years; and in Bank of Hartford v. Buffalow, 217 Ala. 583, 584, 117 So. 183, 185, it was observed of such conveyance (before the statute) that: "When an element of fraud intervenes, it is immaterial whether the stipulation be construed as a condition or as a covenant. Confidential relations between parent and child, and further implied in the nature of the transaction, impose a duty of performance quite sacred in the eye of a court of equity. Fraud is sometimes imputed to a course of conduct which will work a fraud on the confiding grantor. This court has recently considered and stated the law of the subject so fully that further discussion will not be indulged. First Nat. Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A. 1918F, 353; Johnson v. Chamblee, 202 Ala. 525, 81 So. 27; Russell v. Carver, 208 Ala. 219, 94 So. 128; Hyman v. Langston, 210 Ala. 509, 98 So. 564."

In Woods et al. v. Wright, 223 Ala. 173, 174, 134 So. 865, 866, the conveyance was before the statute, and the consideration thus stated to be " 'the sum of one dollar to me in hand paid * * * the receipt whereof is hereby acknowledged, and for divers other good and *valuable* consideration to me herein moving.' (Italics supplied.)"

It is said of that bill, that "while the bill alleges fraud in general terms, it also alleges that 'said deeds were made in consideration of an agreement between complainant and the said respondents, Nebraska Woods and Georgia V. Cochran, that they would support the grantor during the remainder of her life,' without

alleging that said agreement to support the grantor was entered into with the fraudulent purpose on the part of the grantees not to comply therewith, and that the same has not been kept."

It is further recited that more than thirteen years had elapsed after execution of the conveyance, and one of the parties had died; held relief properly denied for laches shown on the face of the bill and duly challenged by demurrer.

In Hannah et al. v. Culpepper, 213 Ala. 319, 321, 104 So. 751, 753 (a case before the late statutes), it is shown that the defendant (grantee in the deed) and the grantors were in possession of the property. The court said:

"Technically, by virtue of the deed of gift, the possession of this land was in the holder of the legal title, first in K. E. Culpepper, and after his death in his widow and heirs. Actually, however, this possession was shared by the grantor, this complainant, and laches will not be imputed to him because of his delay in asserting his right to make a technical reentry, and to have the deed canceled by judicial decree. First Nat. Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A. 1918F, 353.

"Moreover, where a grantor's delay in entering to enforce a forfeiture is not aggravated by any element of estoppel, a delay of less than the period of limitations at law will not bar his right of entry. Bredell v. Kerr, 242 Mo. 317, 337, 147 S. W. 105. There being no element of estoppel in this case, a court of equity will not deny relief as for laches unless, by analogy to the statute of limitations at law, the breach of the condition and the accrual of the right of cancellation has been followed by a delay of 10 years in seeking relief. Here the breach accrued, and fulfillment of the condition became legally impossible, upon the death of the grantee, K. E. Culpepper, in September, 1915, since which event less than eight years have lapsed."

The decree of cancellation in that case was affirmed.

In the case of First Nat. Bank of New Brockton v. McIntosh, 201 Ala. 649, 653, 79 So. 121, 125 L.R.A. 1918F, 353 (before the new statute), it is said:

"As to respondent bank and those holding under the grantee, they were sufficiently put on inquiry to be chargeable with full knowledge of the fact of the existence of such condition subsequent. It has been held sufficient notice or knowledge to a party in interest if the circumstance or fact is sufficient to excite attention and put him on guard and so call for inquiry; that this is notice of everything to which the inquiry would lead. * * * The deed in question, with its condition subsequent, duly recorded, gave notice to the bank of its contents."

It was further observed:

"The bill shows the complainant to be in the possession of the property, and at all times to have been so, both before and after the execution of the deed and at the time of the filing of the bill. Nothing therein indicates that the grantee in the conveyance asserted any right, title, or interest, adverse or otherwise, in and to the property in question. It is necessary that the assertion of adverse right be shown by the bill, as well as acquiescence in such adverse right, and possession by the complainant for a time which a court of equity would regard as unreasonable and to the prejudice of the adverse party, in order to establish laches in the party so acquiescing. Treadwell v. Torbert, 122 Ala. [297], 300, 25 So. 216; Montgomery L. Co. v. Lahey, 121 Ala. 131, 136, 25 So. 1006; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81; Ashurst v. Peck, 101 Ala. 499, 14 So. 541; Zeigler v. Zeigler, 180 Ala. 246, 60 So. 810; Veitch v. Woodward Iron Co., supra [200 Ala. 358, 76 So. 124]; Gilmer v. Morris, 80 Ala. 78, 60 Am.Rep. 85. See 5 Pom. Eq.Jur. 33 (6), and many authorities, to the effect that the party in possession of land who resorts to a court of equity to settle a question of title is not chargeable with laches, no matter how long the delay."

The bill as amended shows that the complainant was in possession of and occupying the lands involved in this litigation, as a homestead, at the time of the conveyance and continuously to the time of the filing of the bill in this cause. Complainant avers she had no knowledge of respondent's (Phœnix Mutual Life Insurance Company) mortgage of record date of July 4, 1923. It is conceded, however, that she had constructive notice of the mortgage; but it is well insisted by appellant that so long as neither the respondents Owen and his wife, nor the respondent Phœnix Mutual Life Insurance

Company asserted or attempted to assert any adverse rights to her in her occupancy of the premises, until shortly before the filing of the bill, she was not guilty of laches.

Until such time as the condition was broken and complainant was sought to be deprived of her possession and support from the land by the grantees, she was under no duty to take action for cancellation of the deed in question. That is, until there was a breach of the condition by reason of the failure of the grantees "to take care" of her, she had no right to maintain her bill for such failure of consideration and breach of condition contained in the conveyance.

The bill as amended does not show that she is guilty of laches, barred by statute, or prevented by the rule of prescription from due prosecution of this suit.

The judgment of circuit court, in equity, is reversed and the cause is remanded.

Reversed and remanded.

BOULDIN, BROWN, and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

Upon further consideration of this case, it results that the application for rehearing is overruled.

Application overruled.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.

GARDNER and BROWN, JJ., dissent.

ANDERSON, C. J., not sitting.

BROWN, Justice (dissenting).

The sole question presented and decided is whether or not the bill as amended shows on its face that the complainant was guilty of laches in seeking cancellation of the deed. If she was guilty of laches and this appears on the face of the bill, it was subject to the grounds of demurrer. There is no division of opinion here on that question. Van Ingin v. Duffin et al., 158 Ala. 318, 48 So. 507, 132 Am.St.Rep. 29. All the justices agree that the original bill was subject to this objection.

The majority of the justices concur that if complainant remained in possession of the lands under claim of right jointly with her grantees, and did not have actual knowledge that the grantees in the deed had mortgaged the lands, and the covenant to furnish support and maintenance to complainant was not otherwise breached until the mortgage of the life insurance company was foreclosed, depriving the grantees of the ability to furnish support to complainant, her right of action did not accrue until such breach, and she was not guilty of laches. But in such circumstances she would only be entitled to have a decree protecting her equity from the operation of the mortgage. (GARDNER, BOULDIN, and FOSTER, JJ., concur in the foregoing.)

The writer and Justice GARDNER are of opinion that the amendment to the original bill does not cure the defects pointed out by the demurrer. If the averments of the fourth paragraph are true, and they must be so taken on demurrer (Elmore, Quillian & Co. v. Parrish Bros., 170 Ala. 499, 54 So. 203), the covenant was breached as soon as the deed was executed, and the grantees in the deed have "wholly failed to take care of said complainant, the grantor in said deed." This was clearly a breach of the covenant, and the complainant's right of action accrued at that time, and if she failed to assert her right to annul the deed for ten years, or more, after the cause of action accrued, she is barred by the statute of limitations, and is guilty of laches. Hannah et al. v. Culpepper, 213 Ala. 319, 104 So. 751; Woods et al. v. Wright, 223 Ala. 173, 134 So. 865; Davis v. Harris et al., 211 Ala. 679, 101 So. 458; Van Ingin v. Duffin et al., 158 Ala. 318, 48 So. 507, 132 Am.St.Rep. 29.

There can be no question but what the averments of the fourth paragraph of the original bill are inconsistent with the averments of that paragraph added by amendment, and, therefore, if the rule in respect to construing the averments of a pleading most strongly against the pleader, is adhered to, the averments most favorable to the demurrant will be accepted as true, and these averments, as we have stated, show that the complainant's right of action accrued in 1908, more than twenty years before the bill was filed. See 18 C.J. page 378, § 434.

The substance of the holding in First Nat. Bank of New Brockton v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A. 1918F, 353, is that "the grantor is not barred

from equitable relief by laches where he is and has been in possession of the property and the grantee has asserted no adverse right." See 18 C.J. page 379, Note 15.

Here the averments of the bill show that the grantees have been asserting adverse right, have been trafficking with the title by repeatedly mortgaging the lands for debts contracted, from the execution of the deed on up to 1923, and this, so far as the bill shows, with actual knowledge of the complainant, except as to the mortgage executed to the Phœnix Mutual Life Insurance Company to refinance the loan previously procured; and the complainant did not move until the insurance company foreclosed its mortgage and sought to deprive her. grantees of the possession of the property. It further appears that the grantees are not now resisting the cancellation of such deed.

I am now of opinion that the circuit court did not err in sustaining the demurrers to the bill as amended, and the complainant failing to further amend,. the bill was properly dismissed.

GARDNER, J., concurs in the foregoing.